**UNITED STATES of America**

**v.**

**Ras McGAHA.**

**Crim. No. 6488.**

United States District Court
E. D. Tennessee,
Northeastern Division.

May 18, 1962.

950

U. S. Atty. J. H. Reddy, Chattanooga, Tenn., Asst. U. S. Atty. Ottis B. Meredith, Knoxville, Tenn., for plaintiff.

R. D. Feild, Greeneville, Tenn., for defendant.

NEESE, District Judge.

The defendant Ras McGaha has filed an application for a *habeas corpus ad testificandum* supported by his affidavit of indigency. He is indicted with his codefendants Douglas McGaha and Ferman Williams on five counts for alleged violation of various aspects of the federal liquor laws, viz., 26 U.S.C. §§ 5173, 5179, 5180, 5205(a) (2), 5222, 5601(a) (1), 5601(a) (4), 5601(a) (7), 5604(a) (1) and 5681(c), and his case is set for trial in this court at 9:00 o'clock a. m., Monday, June 25, 1962.

The defendant moves for the production of his codefendant Douglas McGaha, an inmate of the Federal Reformatory at Petersburg, Virginia, who is outside the territorial jurisdiction of this court. The defendant alleges that his codefendant is a material witness in his favor. Further supporting his application and motion, the defendant has made an affidavit that the said witness will testify that the defendant had no interest in the illicit distillery involved, in no way participated in the operation of same, and at no time participated in any way in the possession, custody, operation or control of the illegal distillery, unlawful mash or illicit whiskey as is charged in the indictment. Apparently, in other words, this witness will shoulder the entire blame for the infraction and undertake by his testimony to absolve the defendant. The defendant has included in his affidavit the

assertion that he is, because of his poverty, unable to pay the fees and costs incident to invoking his constitutional right to compulsory process for obtaining the attendance of this witness in his favor.

■ An application for a writ of *habeas corpus ad testificandum* is addressed to the discretion of the Court. Cuckovich v. United States, C.A.6th (1948), 170 F.2d 89, 90, certiorari denied 336 U.S. 905, 69 S.Ct. 484, 93 L.Ed. 1070.

■ The purpose of this writ is to bring into court one who is confined in order that he may testify in a cause on trial. Price v. Johnston, C.A.9th (1947), 159 F.2d 234, 235 f. 1, rev. 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356.

■ The power to issue such a writ is inherent in the Court. Ex parte Bollman, 4 Cranch 75, 2 L.Ed. 554.

■ The Court has jurisdiction to issue the writ extraterritorially to the warden of the federal prison in another jurisdiction in a proper case. 28 U.S.C. § 2241(c) (5); Carbo v. United States (1961), 364 U.S. 611, 619, 81 S.Ct. 338, 5 L.Ed.2d 329.

■ If the defendant is found to be entitled to the writ of *habeas corpus ad testificandum* to bring into court the prisoner in order that he may testify for the defendant, in the light of his oath of indigency, he may also be entitled, under certain circumstances, to the attendance of such witness at the expense of the government. Rule 17(b), Federal Rules of Criminal Procedure.

It is well settled that this rule does not accord the indigent defendant an absolute right to subpoena witnesses at the expense of the government, but there is, and must be, a wide discretion vested in the district judges to prevent abuses of such process as often are attempted by some defendants. Reistroffer v. United States, C.A.8th, (1958), 258 F.2d 379, 396 [17, 18], certiorari denied 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301.

The request should be carefully scrutinized to assure the accused's rights under the Sixth Amendment, but the Court has the corresponding duty to explore the premise of the request and to prevent useless or abusive issuance of the process. Murdock v. United States, C.A.10th (1960), 283 F.2d 585, 587 [4, 5].

The exercise of the trial court's discretion is a matter which is not subject to review by appellate courts in the absence of a clear abuse of discretion. Goldsby v. United States (1895), 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Crumpton v. United States (1891), 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958.

■ The Court, having considered the defendant's application and motion in the light of the cited authorities, is of the opinion and finds that the defendant is entitled to have compulsory process for obtaining this witness in his favor. Constitution of the United States, Amendment VI.

This is a fundamental right which courts should safeguard with meticulous care. Bridwell v. Aderhold, D.C.Ga. (1935), 13 F.Supp. 253, affirmed 5 Cir., 92 F.2d 748, reversed on other grounds 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

While the purported testimony of this witness will be negative in nature, and although the defendant is shielded by the presumption of his innocence until he is proven guilty beyond a reasonable doubt, he should not be deprived of his right to summon to his aid a witness who he believes may offer some proof to negate the government's evidence or to support his defense. United States v. Seeger, D.C.N.Y. (1960), 180 F.Supp. 467.

The witness whose testimony is here being sought has already entered his plea of guilty to, and has already begun serving his sentence under, the same indictment under which this defendant is also to be tried. A plea of immunity against self-incrimination would hardly be available to the witness under that set of facts. Despite the fact that the witness is a convicted felon, it is the province of the jury to determine his credibility

and weigh the testimony and other evidence he may offer.

Therefore, the application of the defendant for a writ of *habeas corpus ad testificandum* and his motion for an indigent defendant's subpoena are granted.

It is hereby ORDERED that the costs incurred by the process and the fees of the witness so subpoenaed be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government. Rule 17(b), Federal Rules of Criminal Procedure.