Walter Mark FLANAGAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19447.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1962.

Rehearing Denied Dec. 26, 1962.

William Murray Hill, San Diego, Cal.,
for appellant.

Barefoot Sanders, U. S. Atty., Robert
Travis, Asst. U. S. Atty., Fort Worth,
Tex., for appellee.

Before TUTTLE, Chief Judge, and
RIVES and BROWN, Circuit Judges.

PER CURIAM.

While the Court raised the question on
its own motion concerning the timeliness
of the notice of appeal, the circumstances
are such that, giving the appellant the
benefit of the doubt, we conclude that it
was timely. But there is no doubt about
the merits, and as it is clear that the ap-
pellant cannot prevail, the judgment is
affirmed. This appeal is from a convic-
tion of violating the White Slave Act, 18
U.S.C.A. § 2421, on March 19, 1959.[1]

The appellant contends that he
was not given a speedy trial as required
by the Sixth Amendment. We find no
substance to this. Within a month of his
trial and conviction on the previous of-
fense (see note 1, supra), he was put on
trial for the instant charge. That trial
ended in a hung jury. Under the docket
conditions and specified terms for hold-

1. Appellant is presently, and was at all
other material times mentioned herein,
confined in prison pursuant to a convic-
tion on October 12, 1959, of violating the
same Act on a different date.

ing trials at various division points in this geographically widespread District, the case next came on for hearing on November 7, 1960. A week or so previously the appellant had moved to dismiss for want of a speedy trial. Notwithstanding this formal action, when the Court fixed the trial for November 7, 1960, appellant moved for a continuance to the next term of Court, and this was granted. Having taken that action which prevented a trial at that term, it was not unreasonable, and certainly it was not a denial of a speedy trial to postpone it to May 30–31, 1961, at which time the trial was had. See Harlow v. United States, 5 Cir., 1962, 301 F.2d 361; United States v. Lustman, 2 Cir., 1958, 258 F.2d 475.

■■ Nor is there any basis for the contention that the trial Court erred in failing to issue subpoenas for witnesses on motion under F.R.Crim.P. 17(b), 18 U.S.C.A. Action to be taken on such a motion is necessarily committed to the sound discretion of the trial Court. There was certainly no showing that the expected testimony of the particular witnesses would be anything more than merely cumulative or for impeachment. More important, action on this motion (renewed at various times) was taken by the very same Judge who had actually conducted the first trial ending in a hung jury. He had passed on similar motions before and also appellant's motion for continuance relating to substantially these same matters. The Judge was thoroughly familiar with the nature of the case, the theory of the defense and the relevance, materiality and probative force of the probable testimony from the requested witnesses. Since the Judge did order subpoenas to be issued for two witnesses, we find no abuse of discretion by this Judge, or later by the trial Judge, for these actions.

■■ The last complaint is that evidence of criminal acts by Flanagan outside the scope of the indictment was admitted. As no objection to this action was made at any stage of the trial proceedings, the only basis for reversal on

this point would be to hold that this constituted plain error under F.R.Crim.P. 52(b). This we cannot do. The evidence complained of related to acts occurring either shortly before or shortly after the offense charged in the indictment, and such evidence is material in the determination of intent, because "the purpose for which the interstate transportation is undertaken may be inferred from the conduct of the parties within a reasonable time before and after the transportation." Lindsey v. United States, 5 Cir., 1955, 227 F.2d 113, 117. See also Cohen v. United States, 5 Cir., 1941, 120 F.2d 139.

Affirmed.