**Ivory C. SLATER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20327.**

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1963.

Rehearing Denied Dec. 27, 1963.

King C. Haynie, Houston, Tex., for appellant.

Morton L. Susman, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

This is an appeal from a conviction for offering a bribe to a juror in violation of Title 18, Sec. 206. It is quite clear, we think, that there is nothing of substance in the appeal.

The first and second specifications of error are that the court erred in not directing a verdict on the ground that the evidence was insufficient. A reading of the record shows that there is absolutely no substance in this point. There was direct and positive evidence to support the conviction, indeed it was overwhelming. The third and fourth specifications undertake to charge plain error,—the third that "It was plain error for counsel for the government, while cross-examining appellant, to accuse him of getting some people to commit a crime, where there was no evidence to support it"; the fourth that "It was plain error for counsel for the government, in his argument to the jury, to give unsworn testimony bolstering and sustaining the witnesses for the government by telling the jury that he vouched for the testimony of said witnesses".

■■ Of the first and second specification of error, it is sufficient to say that the proof of guilt was overwhelming and that the court did not err in denying defendant's motions; while of the third

and fourth, it is enough to say that the defendant's counsel made no motion for mistrial or objection of any kind below, choosing not to call any attention to the matter but rather to take his chances on the verdict and rely on the claims of error as an ace in the hole, and that the action complained of, if error at all, which we think it was not, was not plain error and was waived by the defendant when he did not object to it. In effect, what the appellant is trying to do is to get his case tried over on grounds which are frivolous. The judgment must, therefore, be affirmed.