UNITED STATES of America, Plaintiff-Appellee,

v.

Francis Joseph BURKE, Defendant-Appellant.

No. 14734.

United States Court of Appeals Seventh Circuit.

March 11, 1965.

594

Frederick Hersh, John D. Finerty, Milwaukee, Wis., for defendant-appellant.

William J. Mulligan, Asst. U. S. Atty., James B. Brennan, U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Defendant-appellant, Francis Joseph Burke, was charged in a one-count information (defendant having waived indictment) with interstate transportation of a stolen motor vehicle knowing it to have been stolen in violation of Title 18, U. S.C. § 2312. After trial by jury, defendant was found guilty and was sentenced to serve 3½ years. He bases this appeal mainly on alleged errors in the District Court's rulings on evidence, and failure to grant defendant's motion for a new trial.

Prior to arraignment, defendant moved for determination of his mental competency pursuant to Title 18, U.S.C. § 4244. He was examined by a court-appointed psychiatrist, Dr. Robert Fitzgerald, after which the court ordered defendant's commitment to a Medical Center for Federal Prisoners at Springfield, Missouri, to determine (1) whether he was competent to stand trial, and (2) whether he was mentally incompetent at the time of the offense alleged in the information. The Court found that defendant was competent to stand trial and that he had been competent as of January 20, 1964, when the action against him began.

The testimony of the witnesses showed sharp conflicts of fact, presenting issues of credibility for the jury.

The automobile in question was owned by Donald Wineholt, who did not know the defendant.

Mrs. Wineholt, wife of the owner, testified that she knew the defendant at Old Orchard Beach, Maine, where they were both employed, and that she did allow defendant to use the automobile but did not authorize him to take it out of the State of Maine. She had allowed him to use the automobile on Sunday, August 12, 1962, had last seen him about 11:30 p. m. driving the automobile, had never seen him again prior to the trial, and had never heard from him by telephone or mail. On Monday, August 13, 1962, she had reported the automobile as stolen and had signed a complaint the next day.

The defendant testified that his own automobile was being repaired, that Mrs. Wineholt had allowed him to use her automobile almost daily, as often and as long as he wished, even to visit Boston on four occasions to get supplies for the restaurant where they both were employed.

Defendant, known as Robert Ryan in Old Orchard Beach, enjoyed a good reputation for honesty according to witness, Captain John E. Marshall of the Old Orchard Beach Police Department, who testified that defendant, whom he had seen using the Wineholt automobile on several occasions, was helpful to Captain Marshall in his police duties.

Defendant himself testified that on Sunday, August 12, 1962, he was in a very confused mental state because he had been recognized by a visitor who had promptly disclosed defendant's past criminal record. Defendant testified further that he had previously been hospitalized in a mental institution. In his confused state, defendant said he remembered little of his journey from Old Orchard Beach. He testified that he had a telephone conversation with Mrs. Wineholt while she was still in Maine, had sent her air mail, special delivery, letters, and had traveled vast distances to Georgia, to Florida, and to Wisconsin, in a vain effort to find Mrs. Wineholt in order to return the automobile, which he subsequently learned was actually the property of her husband and had been reported stolen some months before.

By stipulation, evidence was admitted showing that the Wineholt automobile was junked in Sturtevant, Wisconsin, on or about June 4, 1963.

Dr. Raymond J. McCall, a psychologist with a doctorate in philosophy and experimental abnormal psychology, testified for defendant that on the basis of examinations and tests, it was Dr. McCall's opinion that defendant suffered from a psychotic condition of long standing which he would infer existed on August 12, 1962, that he thought defendant was not responsible at the time of the alleged offense, that he assumed defendant knew the difference between right and wrong at the time of the trial, did not know if defendant knew right from wrong in August, 1962, on the date of the alleged offense, but that defendant might not have known right from wrong in August, 1962, if he were then in an acute psychotic episode.

Three lay witnesses testified that defendant, in their opinion, was sane on August 12, 1962.

On rebuttal, Dr. David Rothstein, a physician and psychiatrist, testified that he had seen defendant on several occasions and had formally examined him for about half an hour. It was his opinion that defendant was sane on or about August 12, 1962.

■ Defendant asserts that the government failed to prove intent or knowledge that the vehicle involved was stolen. Whatever inconsistencies the defendant sees in the testimony of the government's witnesses, there was evidence from which the jury could have concluded that defendant knowingly exceeded the limits of the permission given him to use the Wineholt automobile when he took it into interstate commerce from Maine to Wisconsin while legally sane and with the requisite intent. United States v. Koeller, 7 Cir., 1962, 310 F.2d 409, 410; United States v. Marshall, 7 Cir., 1959, 266 F.2d 92, 94, and cases there cited.

■ One of the alleged errors arises out of the fact that the report of the Medical Center at Springfield, Missouri, included findings only with respect to defendant's capacity to understand the proceedings and properly assist in his own defense. No objection was made to the report received from Dr. Fitzgerald on October 3, 1963, or to the report of the Medical Center on January 3, 1964. No objection was made at the time that Dr. Rothstein, who participated in the examinations at the Medical Center, was called as a witness.

■ Defendant contends that his right of cross-examination of Dr. Rothstein was improperly limited. He asserts that he could not bring to the attention of the jury the fact that Dr. Rothstein's opinion as to defendant's sanity at the time of the alleged offense was based in part on the contents of the Medical Center's report, which related only to capacity to stand trial, without also bringing to the attention of the jury the fact that defendant had been found com-

petent to stand trial. Defendant argues that his right to cross-examine was unfairly conditioned on an involuntary waiver of the benefits of Title 18, U.S. C.A. § 4244, which provides that the finding by the Judge that the accused is mentally competent to stand trial shall not prejudice the accused in a plea of insanity as a defense, and that such finding shall not be brought to the notice of the jury.

Apart from the fact that Dr. Rothstein had personally examined the defendant and the further fact that when he relied on the Medical Center's report, he was relying in large part on the neuropsychiatric history and recitation of facts as distinguished from diagnoses in the report, we cannot agree that receiving the testimony in question, especially in the absence of objection, constituted reversible error. United States v. Sytch, 3 Cir., 1958, 257 F.2d 475, 477.

■ As indicated, Dr. McCall was not a medical doctor or a psychiatrist. Out of the presence of the jury, the Trial Judge expressed doubts as to his qualifications. Defendant states that the three lay witnesses, who later testified that defendant in their opinion was sane, were present in the courtroom and could have heard, and been influenced by, this expression of dubiety from the bench.

Similarly, the defendant feels that the jury must have been prejudically affected by the fact that both the prosecutor and the Trial Judge frequently, but not always, addressed Dr. McCall as "Mr. McCall." Again we note that no objection, motion for mistrial, or request for instruction was made at the time. Viewing the record as a whole and the remarks in context, and in the absence of timely objection, United States v. Thayer, 7 Cir., 1954, 209 F.2d 534, 536; Slater v. United States, 5 Cir., 1963, 324 F.2d 494, 495, we cannot conclude that this was plain error. Federal Rules of Criminal Procedure 52(b). We do not feel that defendant was denied a fair and impartial trial. Estep v. United States, 10 Cir., 1943, 140 F.2d 40, 46.

The judgment of the District Court is affirmed.

Mr. Frederick Hersh and Mr. John D. Finerty of the Wisconsin bar, represented defendant in his appeal as Court-appointed counsel. They exhibited skill of a high order and great devotion to the interests of the appellant. The Court is grateful for their efforts.

Affirmed.