Rayford Lavaughn THOMPSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23427.

United States Court of Appeals Fifth Circuit.

Feb. 16, 1967.

---

David C. Clark, West Palm Beach, Fla., for appellant.

Robert B. McGowan, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge.

Appellant was convicted by jury verdict on both counts of a two-count indictment charging him with interstate transportation and sale of a stolen motor vehicle in violation of 18 U.S.C. §§ 2312–2313.

On this appeal, appellant advances numerous points of error, only two of which merit discussion and none of which necessitates reversal of the conviction.

■ Appellant strongly urges that the trial court erred in refusing to allow his counsel on redirect examination to introduce evidence of a previous acquittal in a similar case involving a stolen vehicle after the Government had allegedly elicited facts related to the prior criminal proceedings on cross-examination. This contention might conceivably have merit were it not for the fact that the record contains no indication whatsoever that the Government brought out any evidence concerning the former prosecution in the course of its cross-examination of appellant. It is true that appellant was questioned concerning the alleged purchase of a 1960 Chevrolet from one Farris approximately one month after his alleged purchase from the same Farris of the 1958 Chevrolet involved in the instant prosecution. It is further true that appellant had been acquitted by jury verdict of the charges relating to the 1960 Chevrolet some three months prior to the trial of the instant case.[1]

As the trial court reasoned, however, the mere fact that previous charges had been brought against appellant involving the 1960 Chevrolet did not summarily preclude all inquiry into the alleged transactions with Farris, transactions upon which appellant placed primary reliance in refutation of the Government's contentions that appellant had knowledge that the vehicles had been stolen.[2] A close study of the entire testimony on cross-examination convinces us that neither Government counsel nor appellant made reference to any fact from which the jury might have inferred that ap-

* Of the Third Circuit, Sitting by Designation.

1. This acquittal was returned in the second trial of the controversy involving the 1960 Chevrolet which followed our reversal in Thompson v. United States, 5th Cir. 1964, 334 F.2d 207.

2. An extended discussion was conducted out of the presence of the jury concerning

the propriety of the prosecution's cross-examination of appellant with regard to the alleged transaction with Farris involving the 1960 Chevrolet. At that time, the court made it clear that this line of questioning was not to encompass any reference to appellant's prior arrest or prosecution. Record, pp. 230–34.

pellant had previously been subject to prosecution involving the 1960 Chevrolet. It is therefore reasonable to conclude that the jury would have never had reason to suspect that appellant had been involved in prior criminal proceedings were it not for the fact that appellant's own counsel on redirect examination inquired of appellant whether he had been previously tried on charges involving the 1960 Chevrolet.[3] The prosecution immediately entered an objection, which was sustained by the trial court together with appropriate instructions to the jury to disregard completely the question and answer in its deliberations of the case.[4] It is sufficient to say that appellant cannot under these circumstances successfully challenge the validity of his conviction by urging that the jury was prejudiced by evidence of the prior criminal proceeding brought to its attention by appellant's own counsel, nor by urging that the court then erred in rejecting counsel's further attempt to introduce evidence of the prior acquittal.

■■ Appellant further asserts that the trial court erred in refusing to subpoena appellant's daughter as a defense witness pursuant to Rule 17(b),[5] and in refusing to grant appellant a continuance during the trial to secure the attendance of such witness. The right afforded by Rule 17(b) to have a witness subpoenaed at government expense is not absolute. Such action is committed to the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless exceptional circumstances compel it. Taylor v. United States, 5th Cir. 1964, 329 F.2d 384, 386. Here, the court granted appellant's request to subpoena two other witnesses, and a study of the affidavit setting forth the testimony expected to be given by appellant's daughter reveals that such testimony would have merely been cumulative of that of appellant and the other two subpoenaed witnesses. Moreover, the trial judge in the instant controversy was the same who had conducted appellant's previous trial wherein he had, in fact, granted a request by appellant to subpoena this very witness. He was therefore familiar with the nature of the case as well as the materiality and probative force of the probable testimony, thus placing him in a favorable position to properly evaluate the requests for subpoenaes in the instant controversy. Under these circumstances, we cannot say that appellant's cause was fatally prejudiced by the trial judge's refusal to subpoena this one witness. See Flanagan v. United States, 5th Cir. 1962, 308 F.2d 841, cert. denied, 1963, 374 U.S. 838, 83 S.Ct. 1889, 10 L.Ed.2d 1059; Greenwell v. United States, 1963, 115 U.S.App.D.C. 44, 317 F.2d 108.

Having concluded that appellant's other numerous objections to the sufficiency of the charge and admissibility of evidence are likewise without merit, we therefore Affirm.

3. Q. All right, Mr. Thompson. Now, let's just tell the members of the jury in response to his questions, weren't you as a matter of fact, tried for this same thing involving a 1960 Chevrolet in this Court three months ago?
 A. Yes, I was.
 Mr. McGowan: Objection, Your Honor. Record, p. 245.

4. Again, in the charge to the jury the court emphasized that no consideration whatsoever should be given to testimony stricken during the course of the trial. Record, pp. 403–04.

5. F.R.Crim.P. 17(b) provides that
 The court or a judge thereof may order at any time that a subpoena be issued upon motion or request of an indigent defendant. The motion or request shall be supported by affidavit in which the defendant shall state the name and address of each witness and the testimony which he is expected by the defendant to give if subpoenaed, and shall show that the evidence of the witness is material to the defense, that the defendant cannot safely go to trial without the witness and that the defendant does not have sufficient means and is actually unable to pay the fees of the witness. If the court or judge orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.