**Elton Ray BARNES and Bunchie White, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 23221.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1967.

Rehearing Denied April 5, 1967.

---

Charles Mays, Jr., David O. Belew, Jr., Fort Worth, Tex., for appellants.

Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

Appellants Elton Ray Barnes and Bunchie M. White were tried together in the United States District Court for the Northern District of Texas and found guilty by a jury of breaking into Post Office Station No. 5, Fort Worth, Texas, with intent to commit larceny, and of stealing from a mail receptacle located at Station No. 5. 18 U.S.C. §§ 2115, 1708. Barnes was individually convicted of the theft of a postal money order validating stamp from Post Office Station No. 9, Fort Worth. 18 U.S.C. § 642. White was individually convicted of breaking into Post Office Stations No. 11 and 16, Fort Worth, with intent to commit larceny. 18 U.S.C. § 2115.

White attacks his conviction on the grounds that the trial court erred in denying his motion for continuance and for subpoena in forma pauperis of certain medical witnesses and in admitting the testimony of Dr. Preston Harrison. Barnes claims that the trial court erred in denying his motion for severance, in admitting into evidence certain items found at his residence and in admitting his oral confession made while in federal custody.

Whether to grant a motion for severance is within the sound discretion of the trial judge. Peterson v. United States, 344 F.2d 419 (5 Cir. 1965); Milam v. United States, 322 F.2d 104 (5 Cir. 1963); Garcia v. United States, 315 F.2d 679 (5 Cir. 1963). We have carefully reviewed the record and find that Barnes was not prejudiced by a joint trial. The motion for severance was grounded on the contention that admissions and confessions by White would prejudice Barnes. Both Barnes and White made admissions and confessions in the presence of each other and they

have a marked similarity. The court took great care to adequately charge the jury that statements made by one of them could not be used against the other. The trial was not unduly complicated, and was not confused. The record discloses no injury or prejudice in this regard. We therefore conclude that the trial court's denial of the motion for severance was not an abuse of discretion.

■ It is also within the sound discretion of the trial court as to whether a motion for continuance and subpoena in forma pauperis should be granted. White's motion was made as the trial was nearing completion and the record clearly shows unjustifiable delay in presenting this request. White's key defense was insanity and his attorney knew that back in 1956 a jury had found him insane. In fact the committal judgment was in evidence. There had been a pretrial hearing on White's mental competency some three weeks prior to the trial on the merits. At the last minute White asked that the doctors who had examined him in 1956 be brought in as witnesses. The record before us does not indicate that the trial court abused its discretion in denying the motion. Flanagan v. United States, 308 F.2d 841 (5 Cir. 1962); Estep v. United States, 251 F.2d 579 (5 Cir. 1958); Beebe v. Sanford, 138 F.2d 412 (5 Cir. 1943).

■ White also contends that the testimony of Dr. Preston Harrison, who conducted mental examinations of White in 1956, constituted privileged communication between physician and patient and therefore was inadmissible. At the trial no objection was made to Dr. Harrison's testimony. The existence of the privilege is based upon statute and since Texas does not recognize the physician-patient privilege, it is not available to White. St. Louis Southwestern Ry. Co. of Texas v. Richardson, 218 F.2d 283 (5 Cir. 1955); Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449, 451 (1961); 3 Wharton's Criminal Evidence, § 816 (12 Ed. Anderson 1955); 8 Wigmore, § 2380

(McNaughton, 1961); 61 Tex.Jur.2d § 121, p. 687.

■ The purchaser's receipt for a postal money order, a sledge hammer and a ball peen hammer taken from Barnes' residence pursuant to a duly issued search warrant were not specifically listed in the search warrant. For that reason Barnes contends the items were inadmissible in evidence. The search warrant was issued in accordance with Rule 41(b) (2), F.R.Crim.P. which authorizes search warrants for property which has been used in the commission of criminal offenses. Since the postal money order stub and hammers fell into this category it was not necessary that they be specifically listed in the warrant. It is our conclusion that they were lawfully seized and properly admitted into evidence. Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961); Bryant v. United States, 252 F.2d 746 (5 Cir. 1958); United States v. Russo, 250 F.Supp. 55 (E.D.Pa.1966).

■■ Finally, Barnes claims his confession is inadmissible because he was not advised of his rights and was unreasonably detained before being taken before a United States Commissioner. Barnes was arrested by state authorities on state charges on February 3, 1965, and was not turned over to federal authorities until February 9, whereupon he was immediately taken before a United States Commissioner. While waiting for the arrival of the Commissioner, Barnes confessed. The record demonstrates that federal agents were not responsible for Barnes' detention by state authorities nor was there any collusion between state and federal officers. The record clearly shows that the federal authorities complied with Rule 5(a) F.R.Crim.P. and were not delinquent in taking Barnes before the Commissioner without unnecessary delay. Lovelace v. United States, 357 F.2d 306 (5 Cir. 1966); Edwards v. Holman, 342 F.2d 679 (5 Cir. 1965). The record also shows that Barnes had been adequately advised of his constitu-

tional rights and that his confession was voluntarily given. As a matter of fact the record indicates that Barnes and White appeared to be desirous of talking with federal officers, and that the officers carefully and repeatedly advised them of all of their constitutional rights with respect to making a confession.

■ We have carefully examined the entire record and it reveals that the trial court was careful to see that the appellants were given a fair and impartial trial. Both were represented by competent counsel. There were pretrial hearings,[1] during one of which the mental competency of White to stand trial was fully considered by the Court. At the request of White the trial was continued for a substantial period, at which time there is no indication that Barnes desired an immediate trial. As a matter of fact the record indicates that to some degree the appellants indulged in delaying tactics from the time of indictment on May 3, 1965, until their trial was completed on November 10, 1965. The record reveals no error.

The judgment is affirmed.

1. The following pretrial chronology is from the Government's brief and appellants do not challenge it. We do not place any emphasis on the facts shown therein, but it is set forth in the margin to illustrate the care with which the district court conducted the trial:

May 3, 1965 Indictment returned.

June 4, 1965 Both defendants arraigned. Pleas of not guilty entered. Barnes was at this time represented by Mr. Charles Wheeler, an employed counsel. White had already secured the services of Mr. Charles Mays, an appointed attorney. With the consent of all parties, trial was set for June 28, 1965.

June 7, 1965 Motions to quash a count of the indictment; for suppression of evidence; and for severance were filed on behalf of Barnes.

June 28, 1965 All parties appear, but appellant White, for the first time claims to have some evidence of insanity. Motion for psychiatric examination filed by White. Barnes declines immediate trial.

October 18, 1965 (1) Hearing had on the mental competency of White. White found competent to stand trial.

(2) Hearing on motion of Attorney Wheeler to be relieved from representing Barnes because of "differences of opinion concerning the proper conduct of the case * * *" between Wheeler and Barnes. Barnes agreed to Wheeler's withdrawal.

(3) Appointment of Attorney Belew (Attorney Griffith appointed later) to represent Barnes.

(4) Consideration of White's letter to the Court asking for "additional counsel" to assist Mr. Mays.

(5) Trial date of November 8, 1965, announced.

November 8, 1965 All parties announce ready and jury selected. Hearing had on motion to suppress. The government announced that it would not offer any of the evidence found in an automobile and a motel room in Bossier City, Louisiana (and did not use such evidence). About 2:00 P.M. trial began.

November 10, 1965 Verdict of Jury received.