**James A. HAYNES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26491.**

United States Court of Appeals Fifth Circuit.

Aug. 14, 1969.

Rehearing Denied Sept. 9, 1969.

James A. Haynes pro se.

Charles R. Haworth (court-appointed) Coke & Coke, Dallas, Tex., for appellant.

Anthony J. P. Farris U. S. Atty.,

James R. Gouch, Ronald J. Blask, Malcolm R. Dimmitt, Asst. U. S. Attys., Houston, Tex., for appellee.

Before AINSWORTH and GODBOLD, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

November 22, 1967, appellant James A. Haynes and Julius J. Gulledge were indicted on a conspiracy count and a substantive count of unlawfully and knowingly transporting in interstate commerce stolen goods (whiskey) valued in excess of $5,000. At the same time, Taylor Lee Mosley and Carl Hathcock were indicted on a conspiracy count and two substantive counts of the same crime. Following a jury trial March 18, 1968,[1] Gulledge was convicted on both the conspiracy count and the substantive count; Mosley was convicted on the conspiracy count, acquitted on one of the substantive counts, and convicted on the other substantive count; and appellant was convicted on the conspiracy count and acquitted on the substantive count.[2] After receiving a five-year sentence, he effected this appeal.

His primary contention is that there was no sufficient probable cause for the warrantless search of a trailer in which the contraband was found. We hold that probable cause did indeed exist for the search of the trailer and for the precedent arrests of Gulledge and Mosley, appellant not being present at the time.[3] The basis for the arrests and search was a call to the local sheriff, who made the arrests, from Barry J. Smith, a person to whom appellant and the other co-defendant had attempted to sell the contraband. Smith was shown to be a substantial business man, well known to the sheriff, and had given reliable tips to him in the past. Thus, sufficient evidence of the reliability of the informant, Smith, although not as fully developed as might have been possible, had the issue been appropriately raised before or during trial, is in the record, and the contents of the tip warranted a genuine belief by the sheriff that armed persons, illegally in possession of liquor, were on Smith's premises and likely to move quickly from the locality.[4]

1. Hathcock, being still at large, was not tried with the other three defendants.

2. On appeal by Gulledge and Mosley, the District Court was affirmed by this Court in an extremely short *per curiam*, Gulledge v. United States, 405 F.2d 880 (5 Cir. 1969).

3. With this holding it is unnecessary to consider two other issues raised by appellant, namely, whether he may raise as plain error the introduction at his trial of the allegedly illegally seized evidence and whether he has standing to challenge the legality of the allegedly illegal seizure.

4. See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) ; Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) ; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1959) ; United States v.

Moreover, no motion to suppress, or objection to admission of the contraband in evidence, was made by appellant's trial counsel. In such circumstances, although the Government obviously was prepared to prove, and could have proved to the hilt, probable cause for the arrest of Gulledge and Mosley, and the search of the car and trailer containing the contraband, it in a very strong sense was lulled by such inaction by trial counsel into not doing so, and thus the rule as to "plain error," as announced by this Court in Sykes v. United States, 373 F.2d 607, 613 (1966), is applicable:

" * * * That which is not visible cannot be 'plain.' We are not equipped for divination. Only the proper objection to the offered evidence would have allowed a clear picture in which we might have found error. The prosecution therefore was not challenged about the arrest, showed only such facts as led to the search, was under no necessity of offering evidence in justification and explanation of the entry, and in effect was lulled into an assumed security which the defense would now make false. We, of course, do not know from this record what the government would or could have proved by way of explanation and justification. We do feel that, under the circumstances of this case, the defense is not now in a position to complain by afterthought.' Robinson v. United States, 8 Cir. 1964, 327 F.2d 618, 623."

Acosta, 411 F.2d 627 (5 Cir. 1969); Smith v. United States, 385 F.2d 34 (5 Cir. 1967).

Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) is inapposite, especially in view of the fact that only Gulledge and Mosley, but not appellant and Hathcock, were initially present and arrested. See footnote 9 of *Chimel.*

5. The allegedly improper remarks were:
"In sum and substance, ladies and gentlemen, that is the case we have brought you. We vouch for the wit-

Finally, we consider whether the prosecuting attorney in his closing argument improperly vouched for the credibility of his witnesses. Where the allegedly improper remarks were no more serious than those here[5] and where, as here, no objection was made to them at trial,[6] we hold that no reversible error was committed.

Accordingly, the judgment below is Affirmed.

nesses' credibility. Every lawyer's duty is to do likewise. We vouch when we bring you that witness, and in this case we submit these facts and the documents support each and every allegation before you."

Compare the remarks made by the prosecutors in Gradsky v. United States, 373 F.2d 706 (5th Cir. 1967) and McMillian v. United States, 363 F.2d 165 (5th Cir. 1966).

6. See Slater v. United States, 324 F.2d 494 (5th Cir. 1963).