**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carl HATHCOCK, Defendant-Appellant.**

**No. 29642.**

United States Court of Appeals, Fifth Circuit.

March 19, 1971.

Rehearing Denied and Rehearing En Banc Denied May 6, 1971.

Robert G. McCain, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, Tex. (Court-appointed) for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Dewey F. Meadows, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before JONES, BELL and SIMPSON, Circuit Judges.

---

14. 128 Fla. 645, 175 So. 713 (Fla. 1937).

15. Id. at 715. *See also* cases cited note 6 *supra.*

SIMPSON, Circuit Judge:

This is an appeal by Carl Hathcock from a conviction in the district court on a conspiracy count (Title 18, U.S.C. § 371) and on two substantive counts (Title 18, U.S.C. § 2314) of unlawfully and knowingly transporting in interstate commerce goods, i. e. whiskey, valued in excess of $5,000.00.[1]

In the initial brief filed by the appellant four grounds of error were asserted relating to the sufficiency of the evidence, the trial judge's charge to the jury, and the trial judge's comments on the evidence. A responsive brief was filed by the appellee, contesting all of the above asserted errors. Subsequent to the filing of the initial brief, appellant filed with this Court a motion to include additional documents in the record and brief in support thereof. The motion was granted by a judge of this Court on September 15, 1970.

This action resulted in the addition to the record of two affidavits, one by Mr. Ted Richard Sherman (Sherman), counsel for appellant in the trial court, and the other by James A. Haynes (Haynes), named in the indictment as a co-defendant, but at the time of Hathcock's trial convicted and serving his confinement sentence in the federal prison system (footnote 1, supra). In substance the affidavits set forth the following sworn facts: On February 3, 1970, one week prior to the scheduled trial date of Hathcock, February 10, attorney Sherman filed in the district court an application for writ of habeas corpus ad testificandum for the production of Haynes, then confined in the United States penitentiary at Leavenworth, Kansas, as a material witness for Hathcock.

The original application for the writ was not in forma pauperis. The district court granted the application for the writ, but provided in its order that trial counsel for Hathcock should consult with the U. S. Marshal and tender the necessary fees "for transportation and subsistence, etc." of the witness Haynes. Sherman was advised by the U. S. Marshal that the necessary fees for transportation and subsistence of Haynes would amount to approximately $800.00. Hathcock was financially unable to pay such a sum, and upon learning of this requirement, Sherman verbally renewed his application for a writ of habeas corpus ad testificandum to be issued to Haynes, but this time the application was made in forma pauperis.

At this point the trial judge called counsel for the prosecution and the defense into chambers, and placed a long distance telephone call to Haynes at the federal penitentiary at Leavenworth, Kansas. Sherman and the U. S. Attorney, Mr. Dimmitt, each spoke to and questioned Haynes, on extension telephones. Haynes explained on the telephone that he would testify in substance that appellant was unconnected with the offense with which he was being charged, and stated that he (Haynes) would be willing to testify at the trial of appellant.

The trial court informed Sherman that his motion for a writ of habeas corpus ad testificandum directed to Haynes would be granted if Sherman would assure the court that Haynes would be used as a witness on behalf of Hathcock. Because Sherman had been unable to interview the potential witness Haynes extensively and in private he was understandably unwilling to guarantee that Haynes would in fact be called to testify as a defense witness. The application was accordingly denied by the district judge. The form of writ of habeas corpus ad testificandum submitted by Sher-

[1]. Charged with Hathcock were Julius J. Gulledge, Taylor Lee Mosely, and James A. Haynes. Gulledge, Mosely, and Haynes were tried together, the appellant not having been arrested at the time of their trial. The convictions of Gulledge, Taylor, and Haynes have been affirmed by this Court. Gulledge et al. v. United States, 5 Cir. 1969, 405 F.2d 880; Haynes v. United States, 5 Cir. 1969, 415 F.2d 347, cert. denied 396 U.S. 1024, 90 S.Ct. 600, 24 L.Ed.2d 518 (1970).

man in connection with the original application was returned by the U. S. Marshal on March 13, 1970, "unexecuted as defendant's attorney did not furnish the necessary deposit to cover fees and expenses".

Hathcock urges that the refusal of the trial judge to grant without condition the in forma pauperis application for a writ ad testificandum directed to Haynes deprived appellant of a material witness whose testimony could have been critical to the outcome of the trial, and was an abuse of the discretion vested in the trial judge by F.R.Crim.P. 17(b) and constituted as well a denial of the appellant's Sixth Amendment right to compulsory process for obtaining witnesses and Fifth Amendment right not to be deprived of his liberty without due process.

The government filed no response disputing the facts sworn to in the affidavits, and on oral argument counsel for the appellee stated that the government did not dispute the factual contents of the affidavit. For this reason we deal with the matters set forth in the affidavits as undisputed facts.

Federal Rule of Criminal Procedure 17(b) provides:

> (b) Defendant Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an ex parte application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

An application under Rule 17(b) for compulsory process for a witness at government expense is addressed to the sound discretion of the trial court.

Barnes v. United States, 5 Cir. 1967, 374 F.2d 126, cert. denied 389 U.S. 917, 88 S.Ct. 246, 19 L.Ed.2d 273; Thompson v. United States, 5 Cir. 1967, 372 F.2d 826. In Welsh v. United States, 5 Cir. 1968, 404 F.2d 414, we outlined the scope of that discretion:

> "We hold that the district court erred in refusing to order that a subpoena be issued for service on Dr. Ewing. Admittedly, Welsh was unable to pay the fees of the witness. The only other requirement of the present Rule 17(b), Fed.R.Crim.P., quoted supra, note 4, is 'a satisfactory showing * * * that the presence of the witness is necessary to an adequate defense.' The showing must be 'satisfactory' to the district court, which means that the district court exercises a broad discretion in granting or denying a motion for the issuance of a subpoena made by a defendant financially unable to pay the fees of the witness. The abuse of process so often encountered emphasizes the necessity for such discretion. Clearly, however, the discretion is not absolute, but is a sound judicial discretion subject to review on appeal.

> "The breadth of the discretion to be exercised by the trial court under Rule 17(b) is considerably narrowed by two constitutional rights of the defendant: (1) the Sixth Amendment right 'to have compulsory process for obtaining witnesses in his favor'; and (2) the Fifth Amendment right to protection against unreasonable discrimination which means that, as between those financially able and those financially unable to pay the fees of the witness, there should be no more discrimination than is necessary to protect against abuse of process. We agree with the test prescribed by the D.C. Circuit that,

> ' * * * if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless

the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.'

Greenwell v. United States, 1963, [115 U.S.App.D.C. 44,] 317 F.2d 108, 110. That test places the burden of showing frivolity or abuse of process on the Government, where it properly belongs." 404 F.2d at 417–418. (Footnotes omitted)

■ Although the *Welsh* court (per Rives, C. J.) spoke in terms of Fifth Amendment "protection against unreasonable discrimination" it is clear from the context that the reference is to the "due process" clause of the Fifth Amendment. Applying Rule 17(b) and *Welsh,* supra, we find that the district court abused his discretion in denying the writ. Rule 17 merely requires a "satisfactory" showing that the witness is necessary to an adequate defense. Here the government does not contend that the appellant did not meet that burden under any reasonable interpretation of the rule. In fact, the trial judge's agreement to grant the writ on the condition that the witness be called to testify was itself a tacit concession that the witness' testimony was of potential material value to the defense or at least not patently frivolous. In this regard see a somewhat similar case, United States v. McGaha, E.D.Tenn. 1962, 205 F.Supp. 949.

Nor are we presented with a situation where an abuse of process on the part of the appellant appears. The defense asked for the production of a single witness at the government's expense. In contrast, the government issued subpoenas to thirty-three witnesses, residing in five states. Eleven of these government witnesses appeared but were not called to testify. These facts are recited to demonstrate that in the context of the issues presented in this complicated criminal prosecution, and in view of the materiality of the witness Haynes' testimony, the appellant's request was both modest and reasonable and certainly far from an abuse of the right to compulsory process.

Our holding is merely that the appellant in this instance met the burden cast upon him by Rule 17(b) and that the district court abused its discretion in denying the production of the witness. The requirement that defense counsel bind himself in advance to put Haynes on the stand, regardless of trial developments and the necessity counsel recognized to preserve options as to tactical trial decisions, was doubtless motivated by a desire to save money for the government. It was nonetheless, in our judgment, the imposition of unreasonable conditions upon the right to compulsory process and an almost classic example of abuse of judicial discretion. In stating this we emphasize that our decision in no wise impinges upon the trial judge's necessary discretion in the initial determination of the need for the testimony of the witness, arrived at by weighing numerous factors including materiality, relevancy and competency. Certainly there are frivolous requests for production of witnesses and just as certainly defendants may seek to abuse the right to compulsory process at government expense. In close cases the district court must exercise its sound discretion, bearing in mind that the burden of showing frivolousness or abuse of process is on the government. *Welsh,* supra. Where no abuse of discretion is shown, the district court's decision will be upheld. On the other hand, our appellate function requires review of such discretionary rulings to guard against abuse of discretion and consequent injustice. We believe that this case falls into the latter category, for the reasons previously stated. The conviction is reversed and the case is remanded for further proceedings not inconsistent herewith.

In the light of this disposition we pretermit consideration of the remaining questions raised. They are unlikely to

recur in the event of the appellant's retrial.

Reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.