UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert BELL, Defendant-Appellant.

No. 73-2038.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1974.

Decided July 2, 1974.

Ralph J. Derango, Jr., Belleville, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

Before PELL, Circuit Judge, CAMP-BELL, Senior District Judge, and STECKLER, District Judge.*

* District Judge William E. Steckler of the Southern District of Indiana is sitting by designation.

STECKLER, District Judge.

Defendant, Robert Bell, was charged by information with the possession of heroin in violation of Title 21, United States Code, Section 844(a). Following a jury verdict of guilty and the denial of defendant's post-trial motion for an order granting a new trial, or in the alternative for acquittal, the defendant was sentenced to a one-year term of imprisonment. We affirm.

On August 30, 1972, at approximately 5:15 p. m., three officers from the Drug Abuse Law Enforcement Agency were driving near the Brown Bomber Tavern located at East and Exchange Avenue in East St. Louis, Illinois. Agents Bloemker and Loehr testified that as their automobile made a U-turn towards the tavern they witnessed the defendant, Robert Bell, drop three tinfoil packets to the ground. As Bell turned to walk away the agents drove up next to the tavern and parked their automobile. Agent Bloemker got out and retrieved the tinfoil packets while Agent Loehr simulatneously placed defendant Bell under arrest for suspected possession of a narcotic. The defendant was searched and transported to the East St. Louis police department. The tinfoil packets were later found to contain a heroin substance.

Defendant contends that his conviction should be reversed by reason of an improper statement made by Agent Loehr in his trial testimony. On direct examination Agent Loehr described the events surrounding the arrest and search of the defendant. After stating that he searched the defendant he was asked by the United States Attorney what he did next. Agent Loehr commenced to reply, "I retrieved from his waistband . . . ." Defendant's counsel interrupted the answer and stated, "Your Honor, . . . I want to object to his waistband—it would have nothing to do with the offense charged and would be prejudicial at this time." Without further reference to the objection from either side or ruling by the court, the United States Attorney went on to his next question, and the waistband matter was not further pursued during the trial.

On appeal the defendant argues it was obvious that the questions leading into the search and the answer referring to retrieving something from the defendant's waistband "most likely referred to a weapon." Defendant asserts that it was prejudicial error to introduce evidence concerning dangerous weapons found among the belongings of a person charged with an unrelated crime. In support of this contention the defendant relies on United States v. Reid, 410 F.2d 1223 (7th Cir. 1969), and Thomas v. United States, 376 F.2d 564 (5th Cir. 1967).

The Reid case involved a charge of assault on an employee of a federal penal institution, and self-defense was the justification offered. The defendant's conviction was reversed in part because of the Government's introduction of evidence of defendant's possession of a padlock with a cloth attached and of its probable use. The Thomas case involved a prosecution for possession of a sawed-off shotgun. In that case the court found that introduction of evidence that a chain and bull whip were found with the gun was prejudicial error.

In the context of this case the defendant's reliance on Reid and Thomas is misplaced. Here, apart from the evidence of the defendant's possession of the heroin substance, there was no evidence before the jury that the defendant possessed a weapon. The defendant's characterization of the testimony regarding the retrieval of something from his waistband as "most likely" referring to a weapon is nothing more than conjecture. From no more than what was said by Agent Loehr the jury could just as well have concluded that the agent was referring to a retrieval of additional heroin substance from the defendant's waistband. Viewing the record as a whole, Agent Loehr's partial answer to which the objection was made does not constitute grounds for reversible error, nor in this regard do we feel the defend-

ant was denied a fair trial. Thus there is no valid basis for the defendant's argument. United States v. Burke, 342 F.2d 593 (7th Cir. 1965); United States v. Borkenhagen, 468 F.2d 43 (7th Cir. 1972).

**The** defendant next argues that the "net effect" of the testimony of Detective Anderson, a government witness, was to portray the defendant as having bad character when the defendant's character was not in issue.

■ The alleged objectionable aspect of Detective Anderson's testimony was his answer to one question in which he stated, "I asked was he [the defendant] a junkie and Bell said he wasn't a junkie, and I asked him was he related to King Bell, and he said he was his cousin, and I told Special Agent Bloemker I didn't trust him, and I left." While we are not convinced that this testimony constituted evidence of bad character, any error that may have been committed was cured when the trial court sustained the defendant's objection, granted his motion to strike the testimony, and instructed the jury to disregard it.

■ Defendant's third proffered ground for reversal is that the Government misstated the evidence during final argument. The United States Attorney incorrectly referred to witness Swan as testifying that "this was one of the few times he [defendant] had purchased heroin" when such testimony was in fact given by Agent Bloemker. This misidentification by the United States Attorney was not prejudicial to the defendant and would at most constitute harmless error.

■ Defendant's final contention on appeal is that the Government made an inflammatory comment in final argument. The United States Attorney concluded his final argument in the following manner:

"I think we have done our job. I think we have presented a case to you that proved beyond a reasonable doubt that this person here, Robert Bell, had heroin on his person and that he pos-

sessed it on August 30, 1972; and I think you must convict him based on the evidence that the Government has presented. If you don't convict him, just let him go out the door and get some more heroin."

Immediately following the making of the statement the defendant objected and the court sustained the objection, ordered the statement stricken from the record, and instructed the jury to disregard it. On the basis of this record we find that any prejudicial effect the statement may have had on the jury was cured and no reversible error was committed.

The contentions of the appellant are without merit and the judgment of the trial court is affirmed.

*Affirmed.*

WILLIAM J. CAMPBELL, Senior District Judge (concurring).

Because the jury was not specifically advised that Bell was in possession of a dangerous weapon, I concur in the court's decision to affirm his conviction. I wish however to emphasize that had Agent Loehr testified that he retrieved a weapon from defendant's waistband, such testimony would have been wholly prejudicial and a cautionary instruction to the jury would not have adequately cured the error. I stress this fact because, prior to Agent Loehr's testimony, defense counsel sought a protective order against the introduction of any evidence or testimony that defendant had been in possession of a weapon at the time of his arrest. The district judge ruled that the witness could testify as to what was found on the defendant's person. That ruling, under United States v. Reid, 410 F.2d 1223 (7th Cir. 1969) was erroneous. Judge Cummings' excellent opinion in *Reid* could not be more definitive:

"We can only regard the testimony concerning the * * * [weapon] as highly prejudicial and without probative value. Its presence could only serve to invite the jury to speculate about other bad acts which the defendant

may have committed. The introduction of testimony concerning dangerous weapons found among the belongings of a person charged with a crime, no part of which depends upon the use or ownership of the weapon, has consistently been regarded as prejudicial error requiring a new trial. [Citations omitted.] Only where there is independent evidence tending to relate the use of the weapon to the commission of the offense has the introduction of such evidence been admitted. United States v. Blackburn, 389 F.2d 93, 95–97 (6th Cir. 1968). We hold that this evidence was unduly prejudicial and inflammatory and no reference to it may be permitted at the next trial." 410 F.2d at 1226–1227.