**DE WOLF v. WATERS.**

No. 4675.

United States Court of Appeals
Tenth Circuit.

June 9, 1953.

Writ of Certiorari Denied Oct. 12, 1953.

See 74 S.Ct. 56.

George Campbell, Sand Springs, Okl., and Cleon A. Summers, Muskogee, Okl., for appellant.

Mac Q. Williamson, Atty. Gen., State of Okl., and Owen J. Watts, Asst. Atty. Gen., State of Okl., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas corpus. DeWolf, hereinafter called Petitioner, was charged by information filed in the District Court of Tulsa County, Oklahoma, with the offense of murder. The jury returned a verdict of guilty and fixed his punishment at death. Judgment was entered accordingly. On appeal the judgment was affirmed. See DeWolf v. State, Okl.Cr.App., 245 P.2d 107. Thereafter, the Criminal Court of Appeals of Oklahoma denied Petitioner a writ of habeas corpus. DeWolf v. State, Okl.Cr.App., 256 P.2d 191. On May 5, 1953, the United States Supreme Court denied a petition for a writ of certiorari to review the decision of the Criminal Court of Appeals in such habeas corpus proceeding. 345 U.S. 953, 73 S.Ct. 871.

In his application for the writ, Petitioner alleged that at the time of his trial he was brought into open court manacled and shackled and that guards were placed in each opening to the court room; and that he was compelled to proceed with his trial with substitute counsel, who was not prepared to adequately represent him. Attached to the application for the writ are copies of the two decisions of the Criminal Court of Appeals referred to above. In those decisions the court found that Petitioner, at the trial on the information, was represented by Quinn M. Dickason, the Public Defender of Tulsa County, Oklahoma, who was the chief counsel in the case; that counsel referred to in the application as "substitute counsel" was appointed to assist the Public Defender, and was absent during the first day of the trial; and that Petitioner was competently represented by the Public Defender as chief counsel at every stage of the trial proceedings. Such finding concludes Petitioner. See Garrison v. Hunter, 10 Cir., 149 F.2d 844, 845, and cases there cited; Fowler v. Hunter, 10 Cir., 164 F.2d 668, 669.

Mr. Dickason had served as Public Defender for a period of approximately two years. He was competent. He had carefully prepared the defense in the case. He properly and competently represented Petitioner at every stage of the trial. We are of the opinion that DeWolf was not denied his constitutional right to counsel for his defense.

The use of guards in the court room during a criminal trial and the necessity of the use of manacles and shackles on the defendant were matters resting within the discretion of the trial court. See Odell v. Hudspeth, 10 Cir., 189 F.2d 300, 302. The facts found by the Criminal Court of Appeals in DeWolf v. State, 245 P.2d 107 fully justified the restraints placed upon Petitioner at the trial on the information and the guarding of the court room. There was no abuse of discretion.

We are of the opinion that the application for the writ was without merit and the order denying the writ is affirmed.

The mandate will issue forthwith.