Perry Franklin GUFFEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7129.

United States Court of Appeals
Tenth Circuit.

Dec. 14, 1962.

Richard T. Sonberg, Denver, Colo., for appellant.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

In a two count indictment, the defendant, Guffey, was charged with violating the White-Slave Traffic Act, 18 U.S.C.A. § 2421, on two different days. He was convicted on the second count only, and appeals from a five year sen-

tence. The second count alleged, in substance, that on the 18th day of March, 1962, Guffey unlawfully transported in interstate commerce two women from Wichita, Kansas, to Enid, Oklahoma, for the purpose of prostitution and debauchery.

■ The defendant attacks his conviction contending that there was an improper joinder of two separate offenses in the second count because it charged the transportation of two women. There is no merit to this contention. The gist of the offense under the statute is the interstate transportation of a woman or a girl pursuant to the proscribed intent and purpose. The simultaneous transportation of more than one woman or girl is but one offense, punishable by only one sentence, which should be charged in one count. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Morlan v. United States, 10 Cir., 230 F.2d 30; Mellor v. United States, 8 Cir., 160 F.2d 757, cert. denied 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858; Robinson v. United States, 10 Cir., 143 F.2d 276. Cf. Caballero v. Hudspeth, 10 Cir., 114 F.2d 545. Under the provisions of this statute the offense is complete when one or more women or girls are transported across a state line for any of the prohibited purposes. Wilson v. United States, 232 U.S. 563, 34 S.Ct. 347, 58 L.Ed. 728; United States v. Marks, 7 Cir., 274 F.2d 15; Williams v. United States, 4 Cir., 271 F.2d 703; Wiley v. United States, 8 Cir., 257 F.2d 900; Batsell v. United States, 8 Cir., 217 F.2d 257. The transportation of the two women from Kansas to Oklahoma is not denied. The testimony of one of them to the effect that on her part the trip was made for the purpose of prostitution in Oklahoma, and that the defendant received a portion of her earnings is undisputed. This alone is enough to sustain the conviction. Although the other, who was the defendant's wife, denied that she was guilty of any impropriety, there was an abundance of evidence that immediately after her arrival in Bartlesville, Oklahoma, she engaged in prostitution pursuant to an arrangement, referred to as an "appointment" previously made by the defendant.

■ When the defendant's case was called for trial, he moved to dismiss the entire jury panel for the reason that at the opening of the court a number of prisoners, including the defendant, were brought into the courtroom handcuffed allegedly in the presence of the entire jury panel. It is urged that the use of handcuffs tended to prejudice the jury panel against the defendant. There was no showing or offer to show what occurred on the occasion complained of. The motion was overruled, and no further reference was made to it. Handcuffs or manacles on a defendant in the presence of a jury during his trial may, under particular circumstances, be prejudicial to him. The disposition of such matters is, however, ordinarily left to the sound discretion of the trial court. De Wolf v. Waters, 10 Cir., 205 F.2d 234, cert. denied 346 U.S. 837, 74 S.Ct. 56, 98 L.Ed. 358; Odell v. Hudspeth, 10 Cir., 189 F.2d 300, cert. denied 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656. There is nothing in this record which would indicate that there was an abuse of discretion on the part of the trial court in regard to the use of handcuffs on prisoners, or that there was any conduct by the officers producing the handcuffed prisoners before the court, in the presence of the jury panel, which was prejudicial to the defendant. Way v. United States, 10 Cir., 285 F.2d 253.

■ Finally, it is urged that the court committed error in admitting into evidence two exhibits which were found in the possession of the defendant's wife in her hotel room. The wife was called as a witness for the United States. She testified that she had traveled by automobile from Wichita, Kansas to Bartlesville, Oklahoma with the defendant, and had registered at the hotel shortly after their arrival in that city, using the name of "P. Tucker". She

admitted that she remained constantly in her hotel room for approximately four days, but denied that she engaged in prostitution. Three employees of the hotel testified that the witness was working in the hotel as a prostitute, and each testified that he had taken "male dates" to her room. She paid these employees a percentage of the amounts which she received from the "dates". One of the exhibits, in the handwriting of the witness, indicated an amount of money "made" on the different days she was in the hotel. The other exhibit referred to a larger total sum. The prosecution took the position that these exhibits were records of her income as a prostitute while working in the hotel in Bartlesville, Oklahoma. The witness denied that these figures on the exhibits related in any manner to earnings as a prostitute, and attempted to explain them in a rather illogical manner. The defendant objected to the admission of the exhibits upon the ground that they tended to impeach the prosecution's own witness.

■ A party to an action may not impeach its own witness without establishing that the witness is hostile, but this rule does not bind a party to the testimony of one of its witnesses, and such testimony may be contradicted by independent evidence showing the facts to be different from those testified to by the witness. United States v. Freeman, 2 Cir., 302 F.2d 347; Dickerson v. Shepard Warner Elevator Co., 6 Cir., 287 F.2d 255; Pennsylvania R. R. Co. v. Pomeroy, 99 U.S.App.D.C. 272, 239 F.2d 435, cert. denied 353 U.S. 950, 77 S.Ct. 861, 1 L. Ed.2d 859; Northern Pac. Ry. Co. v. Everett, 9 Cir., 232 F.2d 488; Zumwalt v. Gardner, 8 Cir., 160 F.2d 298; 58 Am. Jur. Witnesses § 797 (1948). However, these exhibits, which were prepared by the wife, were not binding on the defendant, and they were not admissible as substantive evidence of the offense charged. They were admissible only as evidence tending to impeach the witness. Brooks v. United States, 10 Cir., 309 F.2d 580; Tripp v. United States, 10 Cir., 295 F.2d 418. The prosecution did not specifically request the court's permission to impeach the wife because she was recalcitrant and hostile, although it is quite obvious from the record that she was, and the court considered her to be.[1] Asserting the husband-wife privilege, she refused to testify until directed to do so by the court. On all matters which might incriminate the defendant her testimony was given in a very guarded and reluctant manner. If the exhibits were considered as records of income from her prostitution, they only served to corroborate testimony of three witnesses that Mrs. Guffey did practice prostitution in the hotel in Bartlesville and did receive income therefrom. From the record as a whole, including undisputed facts, the evidence of the defendant's guilt is compelling. Consequently, we are convinced that, even though the exhibits were erroneously admitted in evidence, and reference was improperly made to them in the prosecution's argument to the jury, the error was not one which would have substantial influence on the outcome of the case, and was, therefore, within the meaning of Rule 52 (a), Fed.R.Crim.P., harmless. Cf. Brooks v. United States, supra; Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557.

Affirmed.

---

1. In considering a motion for new trial, the court said: "I think basically this was a hostile witness and I don't know that the request was ever made for the Court to find her to be a hostile witness or not. I don't know what the record says in that connection. I don't recall that I was requested to so consider, even though I do basically consider her as such."