Donald L. SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18226.

United States Court of Appeals District of Columbia Circuit.

Argued June 12, 1964.

Decided June 25, 1964.

Mr. Andrew W. McThenia, Jr., Washington, D. C., (appointed by this court) for appellant.

Mr. Gerald E. Gilbert, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

■ Two grounds of reversal are advanced in this appeal from a robbery conviction upon the verdict of a jury. One is that the trial court erred in failing to enlarge his instruction on the credibility of witnesses to include a reference to the opportunity to observe the matters testified to. It is true that the seemingly standard instruction on credibility given in this case did not, as it might well have done, comprehend this factor to any significant degree. But appellant did not, as contemplated by Rule 30, FED.R.CRIM.P., submit a written request in this regard, nor did he raise the matter even verbally until the court had completed its charge. Even then the oral submission was imprecise and, indeed, probably incorrect in its reference to an opportunity "to record" as well as to observe. Moreover, defense counsel in his closing argument informed the jury, without contradiction then or thereafter from any quarter, that "credibility in this case means much more * * * [it] means the ability to observe correctly and adequately, under conditions of stress" ; and he then argued at length that this opportunity had been missing. Under all these circumstances, we conclude that no reversible error is to be found in the court's failure to respond affirmatively to appellant's request. FED.R.CRIM.P. 52(a).

■ The second error is said to reside in the disregard by the prosecutor of a ruling by the judge that the facts did not warrant the giving of a missing-witness instruction as requested by the Government. In support of an alibi claim, certain persons had been named as those with whom appellant had been

at the time of the commission of the crime. The judge denied the instruction when defense counsel exhibited to him subpoenas, issued for at least two of these persons, returned "unfound." Despite this ruling, the prosecutor in his closing argument referred to the failure of the defense to offer these witnesses, including specifically the two who had been fruitlessly subpoenaed. The judge promptly and properly stopped the argument at this point, and, as a result of this interruption and the resulting conference at the bench, the prosecutor resumed his remarks with the statement: "Let's say they were unable to find these witnesses; they were unable to produce them." It appears to us that the prosecutor did seek to circumvent the earlier adverse ruling he had suffered and that, in so doing, he jeopardized any conviction he might thereafter obtain. But the timely and forceful intervention of the court mitigated the possibility of prejudice to a degree which we consider inadequate to warrant reversal.

Affirmed.