Luther Stephen **HILTON**, Petitioner,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 67–C–21–A.

United States District Court
W. D. Virginia,
Abingdon Division.

May 9, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., counsel for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Luther Stephen Hilton, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis.*

Petitioner is currently serving a term of seventeen years in the Virginia State Penitentiary pursuant to sentences of ten and seven years, to be served consecutively, which were imposed by the Circuit Courts of Carroll and Henry Counties, respectively, upon petitioner's pleas of guilty to multiple charges of breaking and entering.

Petitioner sought state habeas corpus relief which was denied in a plenary hearing before the Circuit Court of Carroll County on June 15, 1966. The Virginia Supreme Court refused a writ of error to this judgment on March 7, 1967.

Petitioner did not appeal his convictions. Petitioner is properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

In substance, the allegations which petitioner says entitle him to relief by writ of habeas corpus are as follows:

(1) Petitioner was not effectively represented by counsel.

(2) Petitioner signed a confession because of promises of leniency made to him by a state officer.

The transcripts of petitioner's trial and state habeas corpus proceedings disclose the following facts:

Multiple indictments were returned against petitioner for breaking and entering in four Virginia counties in May of 1965. Petitioner was taken from the Henry County jail to Hillsville, Virginia, Carroll County, on May 8, 1965, where he was charged with three counts of breaking and entering. Petitioner's family retained counsel for him at that time who discussed with petitioner the charges pending against him for approximately a half-hour on two occasions before petitioner's trial in Carroll County on September 28th, 1965. The record discloses that petitioner's retained counsel discussed the matter of petitioner's case with the Commonwealth's Attorney for Carroll County and ascertained that, should petitioner plead guilty to the Carroll County charges, petitioner would receive concurrent sentences totalling ten years. Petitioner's counsel so advised petitioner on the day of petitioner's Carroll County trial. At trial, the court advised petitioner of his right to trial by jury, and the maximum sentence that could be imposed should he plead guilty to the charges. Petitioner waived trial by jury, pleaded guilty, and received a ten year sentence to run concurrently with previous sentences imposed by the Circuit Court of Carroll County.

On October 7, 1965, petitioner was tried without a jury on the Henry County charges and was given a seven year sentence to run consecutively with the Carroll County sentences.

In evaluating petitioner's contentions as to ineffective assistance of counsel, this court is not restrained to accept the State Court's findings unless they are in agreement with this court's independent evaluation of the facts interpreted in light of existing constitutional standards. Hobbs v. Pepersack, 301 F.2d 875 (4th Cir. 1962); and Holly

v. Smyth, 280 F.2d 536 (4th Cir. 1960). That effectiveness, however, will not be measured by whether counsel is successful, Mitchell v. United States, 104 U.S. App.D.C. 57, 259 F.2d 787 (1958), and the effectiveness of counsel's representation does not relate to the quality of service rendered or the normal decisions made by an attorney, Whitley v. Cunningham, 205 Va. 251, 135 S.E.2d 823 (1964).

Petitioner states he was ineffectively represented by counsel because counsel failed to properly investigate the case against petitioner, but absent some evidentiary showing by petitioner, this court is unable to detect anything in the record that counsel failed to do which resulted to petitioner's prejudice.

Petitioner further contends that counsel was ineffective for inducing petitioner to waive jury trial and plead guilty to the Carroll County charges. Petitioner states that it was his understanding that any sentences imposed in Carroll County would be run concurrently with sentences that might be imposed by the Circuit Courts of other counties. Petitioner attributes this understanding to advice of counsel. This court is not persuaded that there is merit to this contention. At the time petitioner was tried in Carroll County that court did not have authority to run any sentences concurrently with Henry County cases not yet tried. Petitioner understood the magnitude of the sentence to be imposed upon him by the Carroll County trial judge in the event of a plea of guilty. Petitioner was advised of his right to trial by jury. Counsel who represented petitioner was an attorney of some twenty years' experience in criminal practice whose competency was praised by the court at petitioner's state habeas corpus proceeding. Considering the number and gravity of charges brought against petitioner, this court is not persuaded that petitioner's entry of a plea of guilty was anything short of an intelligent waiver of his rights, made understandingly with a view to the more somber prospect of more severe jury penalties.

Petitioner alleges ineffective assistance of counsel for counsel's having failed to call the attention of the court to petitioner's being handcuffed to another prisoner throughout petitioner's trial. The testimony is in conflict about whether petitioner was in fact handcuffed throughout his proceedings, but this court is of the view that security measures are best regulated by the trial court and are matters for its sound discretion. See Odell v. Hudspeth, 189 F.2d 300 (10th Cir. 1951); DeWolf v. Waters, 205 F.2d 234 (10th Cir. 1953); and Gregory v. United States, 365 F.2d 203 (8th Cir. 1966).

Petitioner contends that counsel was ineffective for failing to perfect an appeal of petitioner's conviction of September 28, 1965, in the Circuit Court of Carroll County. The record indicates that petitioner's retained counsel had concluded his services following petitioner's convictions, and counsel apparently believed there to be no merit in perfecting an appeal. After the passage of the sixty day period for perfecting appeals pursuant to Virginia Rules of Court, Rule 5:1, Section 4, the fact of petitioner's indigency and desire to appeal came to the attention of the Circuit Court of Carroll County. The trial judge, who was also the judge at petitioner's state habeas corpus proceeding, conceded that petitioner had made his best effort to perfect an appeal within the prescribed time limit, and ruled that petitioner should receive state assistance in filing a late appeal. Petitioner never appealed his conviction. In view of the fact that petitioner was afforded an opportunity to appeal his conviction, if he so desire and then failed to do so, this court does not think it proper to fault petitioner's retained counsel in this respect.

Petitioner finally contends that counsel was ineffective for failing to make inquiry of the circumstances surrounding petitioner's signing of a confession later admitted into evidence against him. In answering this contention, this court will also answer the contention that petitioner was induced to

sign a confession allegedly because of certain promises of leniency made to him by a state officer.

Testimony given at petitioner's state habeas corpus proceeding on the parts of the Commonwealth Attorney for Carroll County, and the officers involved in petitioner's arrest, indicates that petitioner was fully advised of his rights, and was not promised any leniency or reward in exchange for a confession. Reading petitioner's record as a whole, this court is unable to take exception to the state courts' resolution of factual issues in petitioner's disfavor.

Therefore, it is hereby adjudged and ordered that the petition for writ of habeas corpus be, and the same is hereby denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.