**Virginia R. HATTAWAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25587.**

United States Court of Appeals
Fifth Circuit.

Sept. 15, 1969.

Edward C. Flood, Bartow, Fla., for appellant.

Edward F. Boardman, U. S. Atty., E. J. Salcines, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before THORNBERRY and SIMPSON Circuit Judges, and SUTTLE, District Judge.

SIMPSON, Circuit Judge:

Appellant, Virginia R. Hattaway, was indicted with her husband on a charge of having transported a girl in interstate commerce for the purpose of debauchery and other immoral purposes in violation of Title 18, U.S.C., §§ 2 and 2421, otherwise known as the Mann Act.[1] Her motion for severance for trial was granted. She was tried before a jury and found guilty. On this appeal the question is whether she was denied a fair trial because of error in cross-examining her as to prior acts and in the admission of testimony from rebuttal witnesses as to acts of misconduct other than those alleged in the indictment.

The case for the government was that appellant and her husband in November of 1965 took a young girl on an interstate automobile trip from Winter Haven, Florida, to Moultrie, Georgia, with intermediate stops at various motels in Florida. Mrs. Hattaway drove the car. There was evidence from which the jury could find that appellant, acting on behalf of her husband, registered in the motels under a fictitious name and address and that she, her husband and the young girl went into the motels where sexually immoral acts were committed by appellant's husband upon the young girl with appellant's knowledge and that appellant on two occasions had sexual intercourse with her husband in the presence of the minor. The trip consumed the hours between early Sunday morning and noon Monday. The group had been at a Moultrie motel since sometime after midnight Sunday night, pursuant to Mrs. Hattaway's registration for them, when the minor was dropped off on the street, about noon, two blocks from a bus station. She telephoned home collect, and arrangements were made with Moultrie authorities for her return. The appellant and her husband proceeded to other southern states for several days before returning to Florida. No useful purpose would be served by setting forth the evidence in detail, and it is sufficient to say that the verdict was amply supported by the evidence and the judgment of conviction should be affirmed unless there was reversible error committed during the progress of the trial.

■ Appellant first complains that she was subjected to cross-examination as to prior acts of misconduct not raised by the direct examination. The questions alleged to constitute improper cross-examination concerned whether or not appellant had had conversations with a named woman with respect to arranging dates with women in behalf of appellant's "boss", or husband. Appellant in response to this line of questioning denied that she met the woman referred to at the time and place specified, or had a conversation with her as to certain sexual conduct, or discussed a husband and

---

[1] Both husband and wife were originally indicted for kidnapping. After the husband was acquitted of that charge the indictment was dismissed as to the appellant. On a separate trial the husband was convicted of violation of Title 18, U.S.C., Section 2421, the Mann Act. See Hattaway v. United States, 5 Cir., 1968, 399 F.2d 431.

wife's dating other people while they were married, or called any other women about any dates. It was not error to permit this cross-examination. The scope of cross-examination is committed to the sound discretion of the trial court. That discretion is not shown to be abused here. Appellant here asserts that she had produced no evidence as to her good character, but when she took the stand in her own behalf she testified that she had been raised in a very Christian home and had always been concerned about the children's welfare. In light of this testimony the questions put by counsel for the government were proper. See McCormick on Evidence (1954), Sec. 42, page 89.

■ The second point raised by appellant is that rebuttal witnesses were permitted to testify that appellant committed collateral acts of misconduct. Error is claimed in the admission of this testimony and in the failure of the trial court to instruct the jury to disregard it.

As was pointed out above, no error occurred in permitting the government to cross-examine Mrs. Hattaway on having conversations with other women in which she suggested that these women engage in improper sexual conduct with her husband. Since appellant put her character in issue, these questions were not improper. The serious problem now raised by appellant, however, is whether error was committed when the government put on the stand women who testified as to having engaged in conversations with Mrs. Hattaway of the nature that Mrs. Hattaway had previously denied. Appellant relies upon United States v. Masino, 2 Cir. 1960, 275 F.2d 129, United States v. Sweeney, 3 Cir. 1959, 262 F.2d 272, and authorities there cited. These authorities are pertinent here. In *Sweeney,* for example the Court of Appeals reversed a Hobbs Act conviction for the erroneous admission of the testimony of rebuttal witnesses concerning prior conduct of the defendant. Defendant there had been asked on cross-examina-tion whether he had ever used force on any truck drivers and was asked whether he knew of three named individuals or could recall incidents involving them. He responded that he did not know the men and could not recall the incidents suggested by the question. The government in rebuttal then put these three men on the stand and each of them testified as to acts or threats of violence on the part of defendant. The Court pointed out that the trouble with the case was that the rebuttal testimony, while it tended to show that defendant had lied, also tended to show that he was a bad man full of violent deeds. The Court was apprehensive that defendant might have been convicted because of his general propensity to commit assault and battery, rather than for offenses under the Hobbs Act. In the present case it may be suggested that there is, similarly, the danger that the rebuttal testimony may have tended to show that appellant lied, and also that she was willing to exert her efforts to obtain other women for the sexual gratification of her husband.

If appellant had seasonably objected to the testimony of the rebuttal witnesses or had requested instructions that their testimony should be disregarded, this appeal might stand in a different light. A close review of the record, however, fails to show that appellant's counsel objected to the testimony of the government's rebuttal witnesses on the ground that it was improper rebuttal, or made any request for an instruction that the testimony of these witnesses should be disregarded on this ground. When the first such witness was put on the stand, appellant's counsel objected to various questions on the grounds that they were "suggestive", "leading", "not material", and that a proper predicate had not been laid, but not on the basis asserted here. Under Rule 51, F.R.Crim.P., appellant's counsel should have objected to permitting the rebuttal witnesses to testify and he should have moved to strike their testimony and to have the jury instructed to disregard it.

"Although Rule 51 abolishes exceptions, it clearly negates the view that it is unnecessary for a party to make known to the court the action that he desires the court to take or his grounds for objecting to action that has already been taken". 3 Wright, Federal Practice and Procedure, § 842, p. 342 (1969). See also Landers v. United States, 5 Cir. 1962, 304 F.2d 577, 578.

Under Rule 52(b), F.R.Crim.P., "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We do not view this as a proper occasion for invoking Rule 52(b). The plain error rule "must be read in harmony with Rule 30, which provides that no party may assign as error an instruction to which he has not objected before the jury retires". 3 Wright, op. cit. supra, § 856, p. 375. See also Herzog v. United States, 2 Cir. 1956, 235 F.2d 664, 666, cert. den. 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956).

The government's case in chief was quite strong, and it may well be that appellant's counsel felt that the government's rebuttal witnesses not only would not harm her case but might afford some ground for countering or weakening the government's case. And, although it may now seem that the testimony of these witnesses may have harmed appellant, this is not necessarily so. The failure of appellant's counsel to raise this question by request for an instruction is a strong indication that at the time of the trial this testimony was not regarded as having the significance he now seeks to give it. To allow the initial objection to be made on appeal would encourage the strategy of withholding objections while still creating reversible error in the event of appeal. For the indicated reasons, the "plain error" rule is not here invoked.

The case against appellant was clear and convincing, and she was convicted after a trial free from reversible error. The judgment is

Affirmed.