**UNITED STATES of America,**
**Appellee,**

**v.**

**Harold W. GREENWELL, Appellant.**

**UNITED STATES of America,**
**Appellee,**

**v.**

**Douglas M. BONEY, Appellant.**

**Nos. 13447, 13550.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1969.

Decided Oct. 13, 1969.

Kenneth A. Bailey, Vienna, Va., court-appointed counsel, for appellant in No. 13447.

T. William Dowdy, Springfield, Va., court-appointed counsel, for appellant in No. 13550.

Alfred D. Swersky, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief) for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Defendants appeal from their convictions for escape from confinement in violation of 18 U.S.C. § 751(a) and two charges of assault upon state correctional officers in violation of Title 22, § 505, D.C.Code (1967 ed.). The sole question presented in these appeals is whether the district judge abused his discretion in conducting a trial under the security arrangements described in post-trial affidavits made by defendants.

The affidavits are almost identical and allege that defendants were required to

stand trial on Friday, July 14, 1967. They set forth that defendants were exhibited to the impaneled jury "in a belly chain with cuffs," and that during the trial there were uniformed and armed members of the District of Columbia Department of Correction throughout the courtroom. In particular, the affidavits recite that an officer, standing or seated, was present in the rear of the courtroom with a loaded riot gun or shotgun. The affidavits are uncorroborated by anything in the record presently before us, and they manifestly refer to matters which the record ordinarily does not reflect.

Rule 10(e), Fed.R.App.P., vests authority in the district court to conform the record to what occurred in the district court either by supplying what has been omitted or correcting what has been erroneously transcribed. This power exists before or after the record is transmitted to the court of appeals, and the court of appeals on its own initiative may direct, *inter alia*, that any omission from the record be supplied.

Pursuant to Rules 10(e), we deem it proper to request the district judge to certify to us a statement that defendants were or were not tried in a "belly chain with cuffs;" that there were or were not several uniformed and armed members of the District of Columbia Department of Correction throughout the courtroom during the trial; and that there was or was not an officer seated or standing in the rear of the courtroom with a loaded riot gun or shotgun. Should the district judge certify that one or more of the alleged security measures was employed, he may also state the reasons, including matters brought to his attention dehors the record or matters of which he may have taken judicial knowledge, to warrant the precaution which was followed.

Further consideration of the appeal will be deferred until the certification of the district judge aforesaid.

It is so ordered.