UNITED STATES of America, Appellee,

v.

Harold W. GREENWELL, Appellant.

UNITED STATES of America, Appellee,

v.

Douglas M. BONEY, Appellant.

Nos. 13447, 13550.

United States Court of Appeals Fourth Circuit.

Argued Oct. 7, 1969.

Decided Nov. 17, 1969.

Kenneth A. Bailey, Vienna, Va. (Court-appointed counsel), for appellant in No. 13,447.

T. William Dowdy, Springfield, Va. (Court-appointed counsel), for appellant in No. 13,550.

Alfred D. Swersky, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

In this appeal defendants, who were tried jointly, sought to overturn their convictions on the sole ground that they were prejudiced in their trial by the security measures which the district judge permitted to be followed in the courtroom.* Because the record did not reflect what those security measures encompassed, we requested the district judge to supplement the record so as to make it conform to what occurred.

This the district judge has done, and we accept as a fact that the only security measure employed during the trial was to permit two or three uniformed Lorton correctional officers to be present in the courtroom. Of these, at least one was seated inside the bar of the court behind defendants, and one was seated near the main entrance to the courtroom. Since defendants were not on bail, were serving sentences for other convictions, and were being tried for escape, we find

no abuse of discretion on the part of the district judge in this conduct. To do less would have been to take unnecessary risks and to endanger unduly spectators, those participating in the trial and the public generally. O'Dell v. Hudspeth, 189 F.2d 300 (10 Cir. 1951), cert. den., 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656 (1951); Guffey v. United States, 310 F.2d 753 (10 Cir. 1962); Gregory v. United States, 365 F.2d 203 (8 Cir. 1966), cert. den., 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967); Loux v. United States, 389 F.2d 911 (9 Cir. 1968), cert. den., 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed. 2d 135 (1968).

Affirmed.

---

\* The issue was raised by defendants' post-trial affidavits of what occurred at trial. With commendable candor, their court-appointed counsel, who had represented them at trial, told us in argument that they could not corroborate defendants' allegations. With this disclosure, we agree that their duty to their clients and to the Court which appointed them was to assert the points advanced by defendants. Cf., Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although the district judge, in his supplementation of the record, was critical of defendants' counsel for asserting their clients' contention before us, manifestly, he was unaware of the disclosures made to us.