**UNITED STATES of America,
Appellee,**

**v.**

**Ernest THOMPSON, Appellant.**

**UNITED STATES of America,
Appellee,**

**v.**

**James RICHARDSON, Appellant.**

**Nos. 13734, 13735.**

United States Court of Appeals,
Fourth Circuit.

Argued June 1, 1970.

Decided Sept. 21, 1970.

Supplemental Opinion Nov. 5, 1970.

J. Jay Corson, IV, Fairfax, Va. (Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., on the brief), for appellants.

C. P. Montgomery, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty. for Eastern District of Va., on the brief), for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Ernest Thompson and James Richardson appeal their conviction for trafficking in narcotics in violation of 21 U.S.C. §§ 173 and 174 while they were jailed at Lorton Correctional Complex. They complain that they were prejudiced because they were required to wear handcuffs throughout their jury trial. In overruling an objection to the handcuffs, the district judge stated:

"The Department at Lorton has informed the Court that in order to insure the safety of these gentlemen they think that ought to be done, and I am going to uphold them. They are in prison and that certainly could not prejudice them."

There is nothing else in the record explaining the necessity for handcuffs.

In United States v. Samuel, 431 F.2d 610 (4th Cir. 1970), we held that a defendant, even though he is imprison-

ed on another charge, has the right to appear before the jury unshackled, unless extraordinary security measures are justified by a showing of necessity on the record. While the trial judge may consider the penal authorities' evaluation of the danger in removing the manacles, the ultimate decision rests within the sound discretion of the judge.

On this scant record we are unable to determine whether the district judge correctly exercised his discretion in denying the defendants' motion to be tried without handcuffs. As in *Samuel,* we therefore "request the district judge to supplement the record with a succinct statement of all the reasons and facts and matters from which he concluded to require defendants to be tried before a jury while wearing handcuffs. Within ten days after the filing of such a statement, copies of which shall also be mailed to counsel, counsel may file a memorandum with the Clerk commenting on the legal sufficiency thereof to sustain the action taken. When the information is obtained, we will proceed to final decision." 431 F.2d at 616; see also United States v. Greenwell, 418 F.2d 845, 846 (4th Cir. 1970). And we reiterate what we said in *Samuel,* in the future the district judge should examine the need for handcuffs and state his reasons for requiring them at the time of trial in the absence of the jury. See 431 F.2d at 615.

We find no cause for reversal in the defendants' other assignments of error.

Order in accordance with opinion.

### Supplemental Opinion.

PER CURIAM:

On this appeal the defendants complained that the district judge denied their motion to permit them to be tried without handcuffs. The trial transcript did not fully disclose the reasons for the denial of the motion, so we remanded the case for the district judge to supplement the record and to afford counsel an opportunity to file additional briefs. This has been done.

 The district judge had information that if the defendants were not restrained they might, aided by spectators, attack another inmate of Lorton, who, in the role of informer, appeared as a witness against them.

We find no abuse of the district judge's discretion, and the judgments are affirmed. Cf. United States v. Greenwell, 418 F.2d 846 (4th Cir. 1969).

Affirmed.