**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnny Ray SMITH, Defendant-Appellant.**

**No. 28938.**

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1971.

Rehearing Denied Feb. 4, 1971.

Paul E. Presley, Atlanta, Ga., (Court-appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and INGRAHAM, Circuit Judges.

DYER, Circuit Judge:

At the trial of this case, Smith, having admitted every element of the crime of passing forged postal money orders except willfully cashing them, was convicted by a jury of violating 18 U.S.C.A. § 500 despite his defense of insanity at the time of the offenses. On appeal he complains of a superficial psychiatric examination that allegedly was conducted unfairly, the trial court's procedure for determining the necessity for issuing subpoenas requested by Smith, the court's refusal to grant amnesty to unnamed witnesses Smith desired to call to establish an alibi, and prejudicial remarks made by the prosecutor. Unimpressed that any error was committed, we affirm.

Twenty-five of Smith's forty-six years on earth have been spent in various penitentiaries. Much of his incarceration time has been in maximum security, including Alcatraz. Even so, he managed to escape three or four times and was at large when the offenses for which he was tried in this case were committed. This District Court, realizing that he is a desperate and dangerous character, took precautionary measures to safeguard the court-appointed psychiatric expert who was to examine Smith, as well as measures to secure the prisoner.

The court ordered Smith transported from jail to a hospital where he was interviewed for about forty-five minutes by the Director of Psychiatric Services. During this time Smith was restrained by hand and leg chains; he was accompanied by a deputy marshal and a guard. Smith complains that the examination was perfunctory and conducted unfairly.

The length of time required for an adequate interview-examination depends upon the circumstances of each case. As the trial judge pointed out, "there was not one single thing in the interview that gave any indication whatever that the defendant was mentally irresponsible. There was no symptom that needed further pursuit. He [the doctor] found the defendant to be on the extreme of the spectrum with the mentally responsible." The physician's qualifications were of high order; and as a result of his examination, he was able to opine unequivocally that at the time the offenses were committed Smith was sane according to the standards set forth in Blake v. United States, 5 Cir. 1969, 407 F.2d 908 (*en banc*). Moreover, the facts that Smith's hands and feet were chained and that there were two guards present—discretionary precautions taken by the court, wholly justified by the circumstances—did not result in an unfair examination or an erroneous result. Undoubtedly psychiatrists are less likely than jurors to permit their judgments to be influenced by security measures; yet shackling a defendant, even in the courtroom in the jury's presence, has been upheld where it was necessary for security reasons. *E. g.,* Illinois v. Allen, 1970, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353; Loux v. United States, 9 Cir. 1968, 389 F.2d 911, 919–920, cert. denied 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135; Gregory v. United States, 8 Cir. 1966, 365 F.2d 203, 205, cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676; United States v. Bentvena, 2 Cir. 1963, 319 F.2d 916, cert. denied *sub nom.* Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271; Cwach v. United States, 8 Cir. 1954, 212 F.2d 520, 522–528; DeWolf v. Waters, 10 Cir. 1953, 205 F.2d 234, 235, cert. denied, 346 U.S. 837, 74 S.Ct. 56, 98 L.Ed. 358.

Finally, the trial judge, displaying commendable caution, offered to recess the trial for as long as necessary, so that the psychiatrist could conduct a

further clinical interview. Smith's refusal to submit to this proffered examination forecloses his complaint that the initial interview was inadequate or prejudicial.

Smith's contention that he had a right to counsel at his examination gives us little pause. A psychiatric examination is not an adversary proceeding. No inculpatory statements made to the examiner are admissible. To hold a psychiatric examination of an accused without his counsel present is not error. *See* United States v. Albright, 4 Cir. 1968, 388 F.2d 719, 726–727; Caster v. United States, 5 Cir. 1963, 319 F.2d 850, cert. denied, 1964, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973.

Smith next urges that the lower court violated the letter and intent of Rule 17(b), Fed.R.Crim.P. in denying him an *ex parte* hearing on his request for witness subpoenas. Smith requested that process be issued for forty-four witnesses, thirty-nine of whom were in Florida, Georgia, Alabama or Illinois. Thirteen of those requested were serving long terms in various penitentiaries for felony convictions, and some were considered top security risks. Prior to the trial seven potential witnesses had informed Smith that they could not help him.

The court directed that all witnesses requested by Smith be interviewed by Government agents before a hearing was held concerning Smith's application. Smith's counsel did not object, even though he was told that this procedure would be followed. After the court refused to subpoena certain witnesses who had no material evidence to offer, another hearing was held. During that hearing Smith obtained a subpoena for an additional witness; he informed the court that with such a writ ordered all witnesses necessary for his defense would be present. Having taken that position in the lower court, Smith may not repudiate it here. *See* Fed.R.Crim.P. 51, 52(b); *cf.* Hattaway v. United States, 5 Cir. 1969, 416 F.2d 1178, 1180–1181; Haynes v. United States, 5 Cir. 1969, 415 F.2d 347, cert. denied, 396 U.S. 1024, 90 S.Ct. 600, 24 L.Ed.2d 518.

Furthermore, we fully approve the District Court's action in determining whether the witnesses requested by Smith were "necessary to an adequate defense." That an ex parte application may be made by a defendant does not, as Smith argues, require the court to accept what is said in the application as gospel and forbid resorting to other sources to test the veracity of the averments. This Court said in Welsh v. United States, 5 Cir. 1968, 404 F.2d 414, 417,

> We agree with the test prescribed by the D.C. Circuit that,
>
> * * * if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

As previously stated, Smith was an escapee from jail when the offenses charged were committed. Prior to trial he filed a motion "that this Court enter its order granting immunity from prosecution for haboring or assisting a fugitive to any witness [but none named] whom I may call to testify as an alibi witness." The District Court denied the motion, and Smith assigns this denial as error. The short answer to this contention is that the court was without statutory authority to grant immunity from prosecution to alibi witnesses or to guarantee that their testimony could not be used against them in a later criminal prosecution. If a court is without authority to act, it cannot err in refusing to act.

In his motion for new trial, Smith claimed prejudicial error in the argument of the United States Attorney, who noted Smith's failure to call certain

witnesses. The trial court sustained a defense objection to the argument and instructed the jury not to consider it. Even when the argument was, as here, improper, the prompt corrective instruction ensured that the jury would disregard it. Smith v. United States, 1964, 119 U.S.App.D.C. 22, 336 F.2d 941, 942, cert. denied, 1967, 385 U.S. 1017, 87 S.Ct. 736, 17 L.Ed.2d 554; *see* French v. United States, 5 Cir. 1956, 232 F.2d 736, 740, cert. denied, 352 U.S. 851, 77 S.Ct. 73, 1 L.Ed.2d 62.

Smith had a full and fair trial. There was no error. The judgment of conviction is

Affirmed.