**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John William NEAL, Defendant-Appellant.**

**No. 71–1265.**

United States Court of Appeals, Tenth Circuit.

Dec. 27, 1971.

Rehearing Denied Jan. 19, 1972.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

W. Samuel Dykeman, Oklahoma City, Okl., for defendant-appellant.

Before PICKETT, HILL and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

This appeal is from a conviction and sentence on a charge of assault with a dangerous weapon in violation of 18 U. S.C. § 113(c). Jurisdiction is conceded because the alleged acts were committed within the confines of the Federal Reformatory at El Reno, Oklahoma.

The charge grew out of an occurrence in the kitchen area at the Federal Reformatory at El Reno, Oklahoma on October 12, 1970. Neal, an inmate of the institution, was charged and convicted by jury of assaulting a fellow inmate, Walker, with a knife. Prior to the alleged assault, Walker was working in the dining room of the institution. He left that room, returning to the "scullery," a dish-washing area of the dining facility, where shortly thereafter Neal joined him. During the next four or five minutes Neal and Walker were alone and it was during this time that the assault was allegedly committed. No other individuals were present in the "scullery" and no other witness observed what occurred within that room.

At the trial the prosecution called Walker as a witness. The witness initially demonstrated a reluctance to testify, but later acknowledged that he had not been attacked or assaulted. Furthermore, Walker testified that Neal gave no indication that he intended to attack him and that, to the contrary, they were merely talking.

When Walker testified directly contrary to previous statements, written and oral, the court permitted the prosecution to cross-examine him as to statements made immediately after the alleged assault. The substance of these statements was that Neal assaulted Walker in the kitchen area of the institution, held a knife at his throat, and threatened to kill him. At the trial Walker denied the truth of these statements. They were received in evidence and the jury was instructed that they could be considered only insofar as they might tend to contradict or impeach the testimony of Walker, and further that the statements could not be considered to establish the merits of the case or the truth or falsity of the statements.

The only evidence in the record which tended to support the charge of assault was Walker's written and oral statements to an F.B.I. agent and officers employed at the institution, which were repudiated by him at the trial. The inconsistent statements were admissible only to discredit and impeach Walker's testimony. Wheeler v. United States, 382 F.2d 998 (10th Cir. 1967); Guffey v. United States, 310 F.2d 753 (10th Cir. 1962). It is well settled that contradictory statements introduced for the purpose of impeachment are not admissible as substantive evidence. In Brooks v. United States, 309 F.2d 580, 582 (10th Cir. 1962), cert. denied, 383 U.S. 916, 86 S.Ct. 907, 15 L.Ed.2d 670 (1966), this court said:

"As a general proposition, the testimony of a witness, after a proper foundation has been laid, may be impeached by showing former declarations, statements, or testimony which are contradictory or inconsistent with

the answers given at a trial. The purpose of the impeachment is to discredit the witness, not to establish the existence of the fact in dispute. There is little conflict in the rule that prior statements of a witness who is not a party to an action, and whose statements are not binding as admissions, are admissible only to impeach or discredit the witness, and are not competent substantive evidence of the facts to which the former statements relate. This rule applies in instances when the court, in its discretion, permits a party to impeach its own witness who is shown to be recalcitrant and hostile. * * * "

See also Jennings v. United States, 364 F.2d 513 (10th Cir. 1966), cert. denied, 385 U.S. 1030, 87 S.Ct. 760, 17 L.Ed.2d 677 (1967); Tripp v. United States, 295 F.2d 418 (10th Cir. 1961). Without the prior statements of Walker the record is completely devoid of evidence that there had been an assault as charged in the indictment, and the motion to dismiss should have been granted.

Reversed.