Lastly, we note that the court's inclusion of monetary damages was proper.

The judgment of the district court will be affirmed.

Kermit SNOW, Petitioner-Appellant,

v.

STATE OF OKLAHOMA, and/or Park J. Anderson, Warden, Oklahoma State Penitentiary, Defendants-Appellees.

No. 73–1365.

United States Court of Appeals, Tenth Circuit.

Submitted Dec. 5, 1973.

Decided Dec. 28, 1973.

of shooting with intent to kill after former conviction of a felony. His conviction was affirmed on appeal to the Oklahoma Court of Criminal Appeals, Snow v. Oklahoma, 453 P.2d 274 (Cr. App.1969), and having exhausted his state remedies, appellant sought and was denied habeas corpus relief in the United States District Court for the District of Oklahoma. We affirm.

As grounds for relief, appellant alleges that: 1) he was denied compulsory process at the preliminary hearing; 2) he was not afforded a preliminary hearing on the amended charge of after former conviction of a felony; 3) the state took his fingerprints in violation of his fifth amendment privilege against self-incrimination; 4) the former conviction upon which the after former conviction of a felony charge was based was obtained in violation of his constitutional rights; and 5) he was denied a fair trial because a deputy sheriff with his badge displayed was present in the courtroom during trial.

It is well settled that habeas corpus relief is available only to one whose conviction was obtained in violation of his constitutional rights. Mathis v. Colorado, 425 F.2d 1165 (10th Cir. 1970); Hickock v. Crouse, 334 F.2d 95 (10th Cir. 1964). It is against this fundamental rule that we must review appellant's alleged grounds for relief.

There is no federal constitutional right to a preliminary hearing. Ramirez v. Arizona, 437 F.2d 119 (9th Cir. 1971); Collins v. Swenson, 443 F.2d 329 (8th Cir. 1971); Pearce v. Cox, 354 F. 2d 884 (10th Cir. 1965), cert. denied 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685 (1966). Appellant was afforded a preliminary hearing as required by Article II, § 17 of the Oklahoma Constitution, and there is nothing in the record to indicate that anything transpired at the preliminary hearing which denied appellant a fair and impartial trial, and further, as admitted by appellant in his petition for habeas corpus relief, the amended charge of shooting with intent

---◆---

Appellant filed a memorandum in opposition to summary affirmance pro se.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant was convicted in the District Court of Lincoln County, Oklahoma

to kill after former conviction of a felony was filed prior to the preliminary hearing. Appellant is not entitled to relief on the first two grounds.

Similarly, appellant's third ground for relief is without merit since there is no constitutional right not to be fingerprinted. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Hackworth v. Beto, 434 F. 2d 852 (5th Cir. 1970).

Appellant's fourth claim is based upon a plea of guilty entered in 1932 in the District Court of Okfuskee County, Oklahoma to a charge of robbery with firearms. He was not represented by counsel at such proceedings. While we question whether a notation in the court record that appellant waived counsel is sufficient to establish that he intelligently and voluntarily relinquished a known right, Tucker v. Anderson, 483 F.2d 423 (10th Cir. 1973), nevertheless, appellant is not entitled to relief on this ground: The record clearly shows that, in addition to the 1932 robbery conviction, appellant was also convicted in 1945 of second degree manslaughter, and that such conviction formed a part of the after former conviction of a felony charge. He was represented by counsel during such proceedings and there is nothing to indicate that the 1945 conviction was obtained in violation of his constitutional rights.

Finally, it was incumbent upon appellant to show prejudice by the mere presence in the courtroom of a deputy sheriff. In denying appellant's motion for a mistrial, the state court held a hearing on this issue. It found that there was no indication during the trial that appellant was in custody of the deputy sheriff, who sat behind the rail some twelve to fifteen feet back of appellant, or that he had been in shackles or that anything had transpired which would have indicated to the jury that appellant was in custody. The type and necessity of precautionary measures taken during the course of trial is within the sound discretion of the trial court. United States v. Smith, 436 F.2d 787 (5th Cir. 1971); Woodards v. Cardwell, 430 F.2d 978 (6th Cir. 1970), cert. denied 401 U.S. 911, 91 S.Ct. 874, 27 L. Ed.2d 809 (1971); Guffey v. United States, 310 F.2d 753 (10th Cir. 1962); DeWolf v. Waters, 205 F.2d 234 (10th Cir. 1953), cert. denied 346 U.S. 837, 74 S.Ct. 56, 98 L.Ed. 358 (1953). This issue was fully litigated in the state proceedings, and our review of the record leads us to the conclusion that there was no abuse of discretion here.

Upon docketing appellant was notified that we were considering summary affirmance and of his right to file a memorandum in opposition to such action. We now have appellant's response before us. Nevertheless, after a careful and thorough review of the records and files in this case, we are convinced that the judgment of the district court was correct.

Affirmed.