UNITED STATES of America,
Plaintiff-Appellee,

v.

Jacqueline PETERS and Pamela Teller,
Defendants-Appellants.

Nos. 79–1784, 79–1785 (Trial Group C).

United States Court of Appeals,
Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of LaFond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Tim Correll, Denver, Colo., Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, and Ruth C. Malman of Malman & Malman, Denver, Colo., on the briefs), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Trial Group C was arrested at the east access road to the Rocky Flats plant. For the facts underlying the arrest location, post-arrest procedures, and pretrial motions, *see United States v. Seward,* 687 F.2d 1270 (10th Cir.), filed this date.

Prior to the trial, the government moved to quash the subpoenas of two Rockwell employees. One was a subpoena duces tecum, which the trial court ruled had been honored by the in-court presentation to defense counsel of certain documents. The other subpoena was quashed on the ground that the persons subpoenaed would have nothing to say relevant to the case. Both these witnesses, Dr. Yoder and Mr. Putzier, were apparently requested by defense counsel for the purpose of inquiring into matters covered by Judge Winner's pretrial order on the defenses of choice of evils and necessity.

The issues raised on appeal by this trial group are as follows:

1. The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2. The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551 et seq., 42 U.S.C. §§ 7191 et seq., and 10 C.F.R. §§ 860.1 et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3. Government ownership of a nonexclusive easement at the arrest site is an insufficient possessory interest in land to sustain a conviction for trespass upon "real property" in violation of 42 U.S.C. § 2278a and 10 C.F.R. § 860.3.

4. The trial court erred by allowing the refusal of defendants to submit to fingerprinting during trial to be treated as an admission of identity.

5. The trial court erred in quashing defendants' subpoenas without ascertaining the relevancy of the witnesses' testimony.

The first issue is controlled by our decision in *United States v. Seward* filed this date. The second and third issues are controlled by our decision in *United States v. Thompson,* 687 F.2d 1279 (10th Cir.), filed this date.

The prosecution sought to take fingerprints of some of the defendants during the course of the trial to identify those in court as the persons who were taken into custody. The court ordered that the prints be taken out of the presence of the jury. The defendants in Group C refused to have their fingerprints taken, whereupon the judge advised them that their refusal would not be considered as contempt of court, but would be a waiver of identification and treated as an admission against interest. The jury was then advised that the defendants had refused to be fingerprinted and such refusal was an "admission against interest" on their identification.

The defendants in Group C argued that the order to have fingerprints taken during the trial was a surprise, that they did not have time to present an expert, and that the consequence was ineffective assistance of counsel. It is apparent from the record, however, there was no surprise. The government had provided defendants copies of fingerprint exemplars in accordance with Fed.R.Crim.P. 16, the government attorney had communicated with defense counsel before trial about fingerprint evidence, and a fingerprint expert was listed on the government's witness list. It was apparent that identification of the defendants was going to be accomplished by fingerprints at trial. The court gave the defendants' attorneys an opportunity to call an expert witness, but this was declined; an attorney stated that it was "too late."

■ During the course of the objections and the refusals, the trial court advised at length the attorneys for the defendants about the controlling decisions on the use and taking of fingerprints. We held that fingerprinting is nontestimonial in

*United States v. Lamb,* 575 F.2d 1310 (10th Cir. 1978), and in *Snow v. State of Oklahoma,* 489 F.2d 278 (10th Cir. 1973), following *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 13 L.Ed.2d 67 (1973), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Fingerprints may be taken in the presence of the jury. *United States v. Rundle,* 384 F.2d 997 (3d Cir. 1967). It is apparent that by reason of the nontestimonial nature of fingerprint taking and use, they may be taken as part of the proof of identification. The refusal to have the prints taken properly could be treated as a waiver of identification. In substance this was all that was done. The advice to the jury of the waiver and use of the "admission against interest" language was simply to convey the fact that defendants' refusal was the equivalent to proof of identity. "Admission against interest" was perhaps not an accurate description of the consequences, but such a reference could not make something testimonial which was not. It clearly was a waiver of proof, and with the advice given to the jury, within the confines of the fingerprint discussion. The reference and its limitation were clear. We find no error in the handling of the fingerprint-identification matters.

In a related matter also arising from the order entered on the motion *in limine,* the trial court quashed the subpoenas of two witnesses called by the defendants in this C group.

■ One of the witnesses appeared and presented documents setting forth the subject of his testimony. The court took this as an offer of proof and ruled that the evidence or testimony would not be within the limits set by the order entered on the motion *in limine.* It was thus determined not to be relevant, not admissible, and the witness was excused. This action was within the trial court's discretion in management of the trial. There is no requirement, as defendants urge, that the witness be sworn before such a determination may be made. The court had sufficient informa-

tion on which to act. It was also a reasonable construction of the order and the way in which it was to govern the course of the trial. This application of an order entered in response to the motion was thus a proper delineation of the trial issues to provide a fair and expeditious trial.

As to the other witness it appears that no written offer of proof was presented as required by the order, and as a verbal or narrative offer it was untimely. The nonconformance with the rules laid down in the pre-trial order in itself would seem to be a sufficient measure to quash the subpoena of this witness.

For these reasons and for the reasons set forth in *United States v. Seward* and *United States v. Thompson*, the judgments are affirmed.