**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHRISTOPHER P. MORRIS,

    Petitioner - Appellant,

v.

DOUGLAS J. CURTIS,
Commandant, United States
Disciplinary Barracks,

    Respondent - Appellee.

No. 24-3107
(D.C. No. 5:23-CV-03133-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.

_____

This appeal involves a habeas challenge to a court martial for sex offenses involving an underage girl. *See* 28 U.S.C. § 2241. (The offenses were violation of a lawful general regulation, sexual assault of a child, and child endangerment through culpable negligence.) In district court, the

---

[*]    The parties do not request oral argument and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

soldier unsuccessfully sought habeas relief based on the failure to require unanimity in the court martial, violation of the right to counsel in the preliminary hearing, and failure to disclose exculpatory evidence. The soldier renews these arguments on appeal.

Before seeking relief in federal court, the soldier had presented these arguments to the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces. These courts rejected the arguments. The soldier renews the same arguments here, but he can prevail only if the military courts failed to provide full and fair consideration. *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993). So we consider whether the Army Court of Criminal Appeals and Court of Appeals for the Armed Forces fully and fairly considered the soldier's arguments.

His first argument is that the court martial didn't require a unanimous verdict of guilt. The Army Court of Criminal Appeals rejected this argument, stating that it didn't consider the issue meritorious. Though the statement was concise, we've regarded similar explanations as enough to show full and fair consideration. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

The soldier then presented the argument to the Court of Appeals for the Armed Forces, which denied review. We've again regarded similar

2

denials of review as full and fair consideration. *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007).

The soldier insists that the Army Court of Criminal Appeals and the Court of Criminal Appeals for the Armed Forces applied the wrong standard. But we assess the fairness of these tribunals' consideration of the unanimity issue without considering whether they applied the correct standard. *Drinkert v. Payne*, 90 F.4th 1043, 1048 (10th Cir. 2024).[1]

The soldier's second argument is that he was denied counsel of his choice in a preliminary hearing. To prevail, the soldier needed to show an issue of substantial constitutional dimension. *See Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993) (requiring a substantial constitutional issue); *Drinkert*, 90 F.4th at 1047 (stating that habeas relief is unavailable if any element, such as the presence of a substantial constitutional issue, is absent). But in a court martial, preliminary hearings are creatures of statute rather than the Constitution. *See Snow v. Oklahoma*, 489 F.2d 278, 279 (10th Cir. 1973) (stating that the federal constitution does not entitle an accused to a preliminary hearing). So there's no constitutional right to counsel at a preliminary hearing.

---

[1]    We relied on *Drinkert* in rejecting a virtually identical argument (that the Army Court of Criminal Appeals had applied the wrong standard in declining to require unanimity for a court-martial). *Livingston v. Curtis*, No. 24-3128, 2025 WL 2814422, at *3 (10th Cir. Oct. 3, 2025) (unpublished).

*Stewart v. Cox*, 344 F.2d 947, 947–48 (10th Cir. 1965). Because the argument lacks a substantial constitutional dimension, the alleged inability to use chosen counsel at the preliminary hearing wouldn't support habeas relief.

Finally, the soldier argues that the prosecution withheld exculpatory evidence. He unsuccessfully made the same argument to the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces. So the soldier needed to show that the issue is legal rather than factual. *See Lips*, 997 F.2d at 811 (stating that the question must be legal rather than factual).

The duty to disclose exculpatory evidence turns on facts because the court must consider what evidence was withheld and how that evidence could have affected the outcome. Because the issue is fact-intensive, the alleged failure to disclose exculpatory evidence wouldn't support habeas relief.[2]

---

[2]    In connection with a court-martial, we have previously characterized a similar claim (withholding of evidence) as a factual issue *Hubbard v. Berrong*, No. 93-3079, 1993 WL 415268, at *3 (10th Cir. Oct. 20, 1993) (unpublished).

Because the military courts fully and fairly considered the soldier's arguments, we affirm the denial of habeas relief.[3]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[3] We grant the soldier's request for leave to proceed in forma pauperis.