UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert J. L'HOSTE et al.,
Defendants-Appellants.

Nos. 80–3343, 80–3624
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 25, 1981.
Rehearing and Rehearing En Banc
Denied April 27, 1981.

Julian R. Murray, Jr., Michael H. Ellis, New Orleans, La., for defendants-appellants.

John P. Volz, U.S. Atty., Richard T. Simmons, Jr., Michael Schatzow, Robert J. Birtmann, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Before us today are two appeals from orders following on our affirmance of L'Hoste's conviction and sentencing for conspiracy and racketeering. *United States v. L'Hoste*, 609 F.2d 796 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980). Each must fail.

The first appeal arises from the denial of L'Hoste's motion for resentencing. At his original trial, L'Hoste was sentenced to terms of imprisonment totalling four years and to $35,000 in fines. The trial court declined, however, to order forfeiture of L'Hoste's involved business pursuant to the RICO statute, 18 U.S.C. § 1963(a) (1976), believing that provision to be discretionary and being concerned that the community property interest of L'Hoste's wife might be adversely affected. *L'Hoste*, 609 F.2d at 809–10. On appeal we determined that forfeiture was mandatory, ordering the trial court to direct it. Based in main on our observation that "the consequences of forfeiture ... may well be taken into account by the court in fashioning its sentence," *id.* at 813, L'Hoste sought a reduction of sentence. This the trial court denied, noting that in sentencing L'Hoste originally it had carefully considered, among other things, the possibility that on appeal the forfeiture provision might be held mandatory and that therefore the appropriateness of the sentence, it having been imposed with this contingency in mind, was unaffected by its occurrence. Advancing the above quotation from our earlier opinion and citing such authorities as our decision in *United States v. Rollerson*,[1] L'Hoste attacks the denial of his motion for resentencing, claiming entitlement to a reconsideration of his sentence in the light of the forfeiture imposed upon him.

For several reasons, this attack must fail. A basic and sufficient one is that such cases as *Rollerson*, disapproving as insufficient mere unexplained, after-the-fact statements by a sentencing judge that the possibility that factual information upon which he relied in sentencing was erroneous would not affect the sentence he imposed, are not apposite here. There is no factual inaccuracy here and hence no occasion for a hearing at which one could be clarified. Further, the concern about Mrs. L'Hoste's property rights that the trial court voiced *before* the fact as its reason for denying forfeiture was allayed by our earlier opinion. *L'Hoste*, 609 F.2d at 812. Nor are the trial judge's observations mere after-the-fact ones: as we noted in our earlier opinion, he recognized at the time of sentencing L'Hoste that the forfeiture language of the statute could be read as mandatory, *id.* at 809, and therefore, necessarily, that it might be. Finally, for whatever it may be worth, the four-year sentence that L'Hoste received was scarcely a harsh one in light of the 25-year term that might have been imposed. In sum, we have no reason to question the trial judge's observation in denying resentencing that L'Hoste's sentence would have been the same regardless of the issue of forfeiture, and we do not. The denial of the motion for resentencing is affirmed.

1. 491 F.2d 1209, 1213 (5th Cir. 1974):

[O]ur decision in *United States v. Battaglia*, 5 Cir.1972, 478 F.2d 854, demonstrates that once the possibility of reliance on erroneous information or reliance on an invalid conviction has been raised, an unexplained statement by the court that it would have imposed the same sentence regardless of the original error is insufficient to dispel the lingering doubt that the sentence was founded upon illegitimate considerations. In such cases the defendant must be given an opportunity to rebut the factual error, *United States v. Espinoza*, 5 Cir.1973, 481 F.2d 553, or the Government must be required to carry its burden of showing the constitutionality of prior convictions, *Mitchell v. United States*, 5 Cir.1973, 482 F.2d 289.

Ray L. Condon testified as a government witness at L'Hoste's trial and conviction for public bribery, a full account of which is set out in our earlier opinion. Condon, a high-level employee of Jefferson Parish, made recommendations that resulted in the award to L'Hoste's company of sewer contracts from which it derived large profits by various improper devices and procedures. Indicted along with L'Hoste and others, Condon pled guilty and turned state's evidence as part of the plea bargain. Part of his incriminating testimony was a claim of ownership in certain equipment rental entities involved. Later, the parish sued Condon and others, seeking recovery of the losses it had sustained. When Condon's deposition was taken in that connection,[2] he denied ownership in the equipment rental concerns and denied receiving remuneration from them. These and related matter from Condon's civil deposition were advanced as newly discovered evidence in L'Hoste's motion for new trial. When called to testify on that motion, Condon declined to do so on fifth amendment grounds. Following his refusal, the defense offered his deposition testimony in the civil action as the declaration against interest of an unavailable witness. When it was excluded, the defense moved that the court grant Condon immunity against the potential prosecution for perjury in L'Hoste's criminal trial. This the court refused to do. These rulings are now drawn before us.

■ It is settled in our circuit that trial judges lack authority to grant such immunity as was here sought. In *United States v. Smith*, 436 F.2d 787, 790 (5th Cir.), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971), we stated:

> The short answer to this contention is that the court was without statutory authority to grant immunity from prosecution to alibi witnesses or to guarantee that their testimony could not be used against them in a later criminal prosecution. If a court is without authority to act, it cannot err in refusing to act.[3]

■ The district court's refusal to admit Condon's deposition testimony into evidence at the new trial motion hearing was likewise correct. The legal basis for the court's ruling was Rule 804(b)(3), Federal Rules of Evidence, which provides:

> (b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> .    .    .    .    .
>
> (3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. <u>A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.</u>

(emphasis supplied). The district court, reasoning that while Condon's statements were against his penal interest they were in his pecuniary interest because made in connection with a civil suit in which he was a defendant, excluded the statements as unreliable. Before us L'Hoste asserts that the district court should have afforded him a hearing, in accordance with the portion of the rule underscored above, so that he could prove corroborating circumstances indicating the trustworthiness of the deposition statements. He maintains that he could have proven that the statements were not in Condon's pecuniary interest, since Condon had already admitted guilt of a crime for which he could be held civilly liable for much more than his net worth. The argument is without merit.

■ First, there is no authority for the proposition that appellant is entitled to an

---

**2.** Coincidentally, on January 10, 1980, the day that our earlier opinion was handed down.

**3.** *See also, e. g., United States v. Turkish*, 623 F.2d 769 (2d Cir.1980), discussing the law in this area at length.

evidentiary hearing on the issue. The three cases cited by appellant, *United States v. Guillette*, 547 F.2d 743 (2d Cir.1976), *cert. denied*, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977); *United States v. Barrett*, 539 F.2d 244 (1st Cir. 1976); and *United States v. Bagley*, 537 F.2d 162 (5th Cir. 1976), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977), do not hold, or even directly imply, that the trial court is obliged to conduct an evidentiary hearing to explore the circumstances surrounding the making of such statements. In all three cases a motion for admission of the hearsay statement had been made at trial and was considered in light of the evidence before the trial judge. Likewise, in the present case, the motion for the introduction of the deposition was considered in light of all of the factors known to the judge without convoking an additional evidentiary inquiry into the intricacies of Condon's finances. Indeed, the wording of the rule itself implies that the judge is to consider the circumstances before him concerning the reliability of the statement.

Even if it be assumed that a hearing may be appropriate in some such cases, the facts of the present case do not require one, nothing having been alleged by L'Hoste that would support the admissibility of the statement. The fact that Condon may be subject to additional liability cannot change the fact that his altered testimony was in his pecuniary interest. Clearly, his potential liability is mitigated by denying responsibility and participation in the scheme for which L'Hoste was charged and convicted.

In *Bagley*, 537 F.2d at 166, we noted that we are to review such rulings of the trial court as to a statement's trustworthiness under the clearly erroneous standard. If a reasonable view of the evidence supports the trial court's finding that such a statement is not reliable, that finding must be sustained on appeal. *Id.* at 167. At the beginning of the civil deposition proceeding, Condon had been made aware that his testimony was being taken in connection with the civil suit pending against him: his incentive to disclaim receipt of sums for which he might be held liable is all too clear. Given the trial court's opportunity to view Condon and to hear his testimony at the criminal trial, that court's ability to gauge the trustworthiness of Condon's later recantation is far superior to ours, and we are not inclined to disturb his judgment in the matter. His rulings as to these matters, as well, must therefore be AFFIRMED.