**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 19, 2004**

**Charles R. Fulbruge III**
Clerk

In the United States Court of Appeals

For the Fifth Circuit

_____

No. 03-50924
Summary Calendar

_____

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

SANDRA TEJADA; LORENA PAZ AGUILAR,

                        Defendants - Appellants.

_____

Appeals from the United States District Court
For the Western District of Texas
USDC No. EP-02-CR-1988-1-DB

_____

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Sandra Tejada and Lorena Paz Aguilar challenge the

sufficiency of the evidence supporting their convictions for

conspiracy and for possession with intent to distribute a

controlled substance.  They contend that the evidence is

insufficient to show that they were aware that approximately 4.9

kilograms of cocaine were hidden beneath the dashboard of a

borrowed vehicle that they presented at the Desert Haven, Texas,

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Border Patrol checkpoint.

In light of the value of the cocaine, the fact that Tejada and Aguilar lied to law enforcement officials about the extent of their contact with the borrowed vehicle, their nervousness, and their implausible vacation plans, a rational jury could have found beyond a reasonable doubt that the defendants knew that there was cocaine hidden inside their vehicle.[1]

Tejada and Aguilar also argue that the district court erred by refusing to admit exculpatory hearsay testimony. We find no clear error in the district court's determination that the trustworthiness of the out-of-court statement was not adequately corroborated and no abuse of discretion in the court's decision to exclude the testimony.[2]

AFFIRMED.

---

[1]*See United States v. Runyon*, 290 F.3d 223, 238 (5th Cir.), cert. denied, 537 U.S. 888 (2002); *United States v. Ramos-Garcia*, 184 F.3d 463, 465-67 (5th Cir. 1999).

[2]*See United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995); *United States v. L'Hoste*, 640 F.2d 693, 696 (5th Cir. 1981).

2